**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) | |
| AUTOZONE, INC. | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) ) | EQUITABLE RELIEF SOUGHT |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NATURE OF THE ACTION**

This is an action under Titles I and V of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12101 et seq., to correct unlawful employment practices on the bases of disability and retaliation and failure to provide reasonable accommodations, and to provide appropriate relief to John P. Shepherd III ("Shepherd"), a qualified individual with a disability, back and neck impairments, who was adversely affected by such practices.

**JURISDICTION AND VENUE**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and is further authorized by Title V of the ADA,

42 U.S.C. § 12203(c), which incorporates by reference the enforcement remedies and procedures available under Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

2. The employment practices hereafter alleged to be unlawful were and are now being committed within the jurisdiction of the Central District of Illinois.

### PARTIES AND OTHER PERSONS

3. Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and which is incorporated by reference in Title V of the ADA, 42 U.S.C. § 12203(c).

4. Defendant Autozone is a Delaware corporation. At all relevant times, Autozone has continuously been and is now a corporation doing business in the Central District of Illinois, and has continuously had and does now have at least fifteen (15) employees.

5. At all relevant times, Autozone has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Autozone has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

7. During the years 2001 through 2006, inclusive, Defendant Autozone has continuously had more than 500 employees.

8. At all relevant times, Shepherd was a qualified individual with a disability within the meaning of Section 101(8) of the ADA, 42 U.S.C. §12111(8).

## STATEMENT OF CLAIMS

9. More than thirty (30) days prior to the institution of this lawsuit, Shepherd filed charges with the Commission alleging a violation of Title I of the ADA by Autozone. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Since at least March 2003, Autozone has engaged in and is continuing to engage in unlawful employment practices at its facilities in and around Macomb, Illinois, in violation of Title I of the ADA, 42 U.S.C. §12112(a) and (b). These practices include, but are not limited to:

   (a) failing to reasonably accommodate Shepherd's disability;

   (b) keeping Shepherd on an involuntary leave for over a year past the time at which he was able to return to work, due to the need to accommodate his disability; and

   (c) discharging Shepherd, due to the need to accommodate his disability.

11. Since at least December 2003, Autozone has engaged in and is continuing to engage in unlawful employment practices at its facilities in and around Macomb, Illinois, in violation of Title V of the ADA, 42 U.S.C. § 12203. These practices include, but are not limited to:

   (a) keeping Shepherd on an involuntary leave for over a year past the time at which he was able to return to work, in retaliation for his filing of charges with the EEOC asserting his rights under the ADA; and

   (b) discharging Shepherd, in retaliation for his filing of charges with the

EEOC asserting his rights under the ADA.

12. The effect of the practices complained of above has been to deprive Shepherd of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability, in violation of Title I of the ADA, 42 U.S.C. § 12112, and in retaliation for activities protected by the ADA, in violation of Title V of the ADA, 42 U.S.C. § 12203.

13. The unlawful employment practices complained of above in Paragraphs 10 and 11 were and are intentional.

14. The unlawful employment practices complained of above in Paragraphs 10 and 11 were and are done with malice and/or reckless indifference to the federally protected rights of Shepherd.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully prays that this Court:

A. Grant a permanent injunction enjoining Autozone, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that violates Titles I and V of the ADA.

B. Order Autozone to institute and carry out policies, practices, and programs which eradicate the effects of its past and present unlawful employment practices;

C. Order Autozone to make Shepherd whole by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including rightful-place reinstatement of Shepherd;

D. Order Defendant to make Shepherd whole by providing compensation for past and future pecuniary losses;

E. Order Defendant to make Shepherd whole by providing compensation for past and future nonpecuniary losses, including emotional pain, suffering, loss of enjoyment of life and humiliation;

F. Order Defendant to pay Shepherd punitive damages for its intentional, malicious and/or reckless conduct, in an amount to be determined at trial;

G. Order Defendant and its successors to reasonably accommodate disabled employees;

H. Grant such further relief as the Court deems necessary and proper; and

I. Grant the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all issues of fact raised by its Complaint.

Respectfully submitted,

RONALD COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

JEROME SCANLAN
Assistant General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

_____
John C. Hendrickson
Regional Attorney

_____
Gregory Gochanour
Supervisory Trial Attorney

_____
Justin Mulaire
Trial Attorney
*Lead Counsel*

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street, Suite 2800
Chicago, Illinois  60661
312-353-7722