UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| United States Equal Employment Opportunity Commission,<br>　　　　　　　　　　Plaintiff<br><br>　　　v.<br><br>Autozone, Inc.,<br>　　　　　　　　　　Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 07-1154 |

**ORDER**

Now before the Court is the plaintiff's motion to strike (#12) two of the affirmative defenses plead by defendant in its answer. The motion to strike was filed on September 4, 2007. Plaintiff has not responded to the motion. The Court therefore presumes there is no opposition and rules without further notice to the parties. See Local Rule CDIL 7.1A.

Rule 12 (f) of the Federal Rules of Civil Procedure allows the Court to strike any insufficient defense from the pleadings. Fed.R.Civ.P. 12(f). See, <u>Heller Financial Inc. v. Midwhey Powder Co., Inc.</u>, 883 F.2d 1286, 1294 (7th Cir. 1989).

The two affirmative defenses at issue are the second and fourth defenses, as follows:

> SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred from making any claim beyond the scope of the Shepard charge with the EEOC.  *Maciejewicz v. Oak Park Public Library*, 1996 WL 501743 (ND.Ill.1996).

> FOURTH AFFIRMATIVE DEFENSE

Plaintiff [sic] claim is barred, as the necessary predicates for the EEOC filing (sic) this action in federal court have not been fulfilled, as the EEOC failed to reasonably investigate this matter, including but not limited to AutoZone Inc.'s defenses in this matter.

The EEOC is not limited to the claims raised by the charging party. <u>EEOC v. Caterpillar</u>, 409 F.3d 831, 833 (7th Cir. 2005). The case cited by plaintiff does not govern this case, as the plaintiff in that case was a private person, not the EEOC.

The sufficiency of the EEOC's investigation is not judicially reviewable and is not a defense to this action. See, <u>Caterpillar</u>, <u>id.</u>at 832(court may not limit EEOC's suit to claims supported by evidence obtained in the EEOC's investigation); <u>EEOC v. St. Annes' Hospital of Chicago, Inc.</u>, 664 F.2d 128, 131 (7th Cir. 1981)(no requirement that EEOC allow defendant to produce information that might have altered agency's conclusion before suit is filed). Because all evidence relative to the EEOC's claim will be produced and explored during discovery and considered by the fact finder before a verdict is rendered, it is simply immaterial to the merits of the case whether the scope of the pre-suit investigation was "reasonable" or whether defendant has valid defenses.

Accordingly, the motion to strike the Second and Fourth Affirmative Defenses is allowed.

ENTER this 25th day of September 2007.

                                s/ John A. Gorman

                                JOHN A. GORMAN
                                UNITED STATES MAGISTRATE JUDGE