IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 07 C 1154 |
| v. | ) ) | Magistrate Judge Gorman |
| AUTOZONE, INC. | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF EEOC'S MEMORANDUM IN OPPOSITION TO MOTION TO QUASH**

Autozone's motion to quash the notice of deposition for LeJuene Rose borders on the frivolous. First, Autozone itself has identified Rose as an individual likely to have discoverable information. Second, Rose possesses information that is plainly relevant and non-privileged and that other witnesses identified by Autozone either could not remember or would have no reason to know. Third, Autozone's assertion of privilege— before a single question has been put to Rose — is premature and asks the Court to evaluate claims of privilege in the abstract without most of the information needed to make such an evaluation.

Autozone may preserve its privileged communications by using the usual procedure of noting objections on the record during the deposition, attempting to resolve specific disputes with the EEOC, and bringing them to the Court for resolution once those preliminary steps have been exhausted. The instant motion should be denied.

**A.     Autozone Itself Has Identified Rose as Likely Having Discoverable Information**

The first and most obvious reason to deny Autozone's motion is that Autozone itself has identified Rose as a witness likely to have discoverable information that Autozone may use to support its defenses. See Autozone Rule 26(a)(1) Initial Disclosures, at p.2, attached as Exh. A;

1

Autozone Supplemental Disclosures, at p.4, attached as Exh. B.[1]  Although Autozone's counsel informally advised counsel to the EEOC that Autozone no longer plans to call Rose as a witness at trial, Autozone has declined to commit to this by revising its Rule 26(a)(1) disclosures, indicating that it will only do so after the close of discovery.

Setting aside the odd proposition that a party could reserve the right to rely on a witness to support its defenses but refuse to produce her for a deposition, the fact remains that, whether or not Autozone plans to rely upon Rose as a witness, Autozone at some point determined that she likely has discoverable information.  See Rule 26(a)(1)(A).  The EEOC would like to discover that information.

**B.     Rose Possesses Non-Privileged, Relevant Information Crucial to This Action**

A second reason to deny Autozone's motion is that information the EEOC seeks from Rose is relevant and plainly not privileged.  Even if the substance of her conversations with certain Autozone decisionmakers about John Shepherd's EEOC charges is privileged, the dates of those conversations are not.  Indeed, the dates, participants, and general subject matter of a communication are the sorts of information that a party is typically *required* to disclose about a purportedly privileged communication under Rule 26(b)(5) in order to permit the other party and the court to evaluate the claim of privilege.  See, e.g., Allendale Mut. Ins. Co. v. Bull Data Systems, Inc., 145 F.R.D. 84, 88 (N.D.Ill. 1992) (requiring that privilege log identify, among other things, the date, author, all recipients, and subject matter of allegedly privileged communications).[2]

---

[1] All references to Rule or Rules herein are to the Federal Rules of Civil Procedure.
[2] It is possible that this dispute would have been avoided, or at least narrowed, had Autozone met its obligation to provide a privilege log identifying Rose's interview notes and her communications with witnesses, see Rule 26(b)(5)(A)(i)-(ii), which notes and communications are plainly responsive to EEOC document requests and interrogatories to which Autozone was long ago ordered to respond.  Autozone has yet to provide a privilege log of any kind in this action, despite the EEOC's requests that it do so.

The dates on which Rose discussed Shepherd's charges with decisionmakers at Autozone are relevant to the EEOC's claims that Autozone retaliated against Shepherd, because it will help show that those decisionmakers were aware of Shepherd's protected activity.[3] Contrary to the assertion in Autozone's motion, the dates on which the *EEOC's* investigator interviewed the decisionmakers in question are not a substitute, since the EEOC's interviews occurred significantly later than Rose's interviews.  The dates of Rose's interviews will help show that adverse actions that occurred before the EEOC's interviews were motivated by retaliatory animus.

Moreover, while Rose's affidavit indicates that she had no role in the particular decisions that are the subject of the EEOC's claims, that does not mean she possesses no relevant information.  As acknowledged in Autozone's motion, the EEOC seeks information about the legal department's role in providing training to employees about employment discrimination and processing requests for accommodation of disabilities.  Autozone has not explained how such information might be privileged or what other witness might supply it in lieu of Rose.  As well, Rose may have information, apart from her investigations in this matter, about Shepherd's employment at Autozone and opinions other employees at Autozone held concerning Shepherd.  Indeed, in worker compensation records produced by Autozone, one Autozone employee is recorded as saying of Shepherd that "most of [Autozone's] legal department is familiar with his name."  See April 13, 2005 worker compensation records entry, attached as Exh. C.  Such information is plainly discoverable.

---

[3] That the information sought by the EEOC is not privileged is just one reason why a case cited by Autozone — EEOC v. Koch Meat Co., 61 Empl. Prac. Dec. (CCH) P42,096, 1992 WL 332310, 1992 U.S.Dist.Lexis 17133 (N.D.Ill. Nov. 5, 1992) — is inapposite. Another is that the court in that case found that the party making a claim of privilege with regard to specific communications had actually established the elements of the attorney client privilege and work product doctrine.  As set forth more fully herein, Autozone has not.

While it is true, as Autozone suggests, that one might hope to obtain a portion of this information by deposing the employees interviewed by Rose, the individuals the EEOC has been able to depose thus far, Steven Smith and Steven Thompson,[4] each experienced considerable lapses in memory at their depositions. Indeed, each claimed not to even remember *whether* they had discussed Mr. Shepherd's EEOC charges with Rose, let alone when such discussions occurred or when they learned about Shepherd's charges.[5] The third employee in question, Jacqueline Moore of Memphis, Tennessee, also no longer employed by the Autozone, has declined to respond to communications from either party, and has given no indication that she plans to attend her deposition. Even if Moore does appear for her deposition, there is no reason to believe that she would know the dates of Rose's communications with Thompson and Smith.

**C.     Autozone's Preemptive, Blanket Assertion of Privilege is Premature and Incomplete**

Autozone's motion should also be denied because its assertion of privilege is premature and incomplete. Although the motion does recite the elements of the attorney client privilege, it makes no showing that each of these elements is actually satisfied with respect to any particular communication that Rose might be called upon to disclose at her deposition. This is unsurprising, since Autozone's motion comes before a single question has been asked. This is precisely why many courts reject such preemptive, blanket assertions of privilege: it is virtually impossible for the court to evaluate — or for the opposing party to substantively dispute — a claim of privilege made in the abstract. See, e.g., Hunt Int'l Resources Corp. v. Binstein, 98 F.R.D. 689, 690 (N.D.Ill. 1983) ("Completely preventing the taking of a deposition on either of the above grounds [privilege and the work product doctrine] would tend to limit or fix the scope of the examination before it began and would usurp the court's role in deciding whether

---

[4] Smith was the district manager and Thompson the store manager for the Autozone store at which Shepherd was employed. Both are now former employees.

[5] There is no dispute that Rose did interview each of these employees. Her letters to the EEOC during the EEOC's administrative investigation indicate as much.

4

certain questions seek privileged information. The more appropriate method is to allow the deposition to be taken and permit the attorney to claim privilege in the face of certain questions, if necessary." (internal citation omitted)).

The usual procedure of asserting specific objections at Rose's deposition will be entirely adequate to protect Autozone's privileged communications. Moreover, it will provide the parties an opportunity to resolve specific disputes about privilege without the intervention of the Court, and, if the Court's assistance is eventually required, provide a more complete evidentiary basis upon which to evaluate each claim of privilege.

**D.     Rose Is Not Trial Counsel to Autozone**

Finally, although Autozone characterizes Rose as "opposing counsel," Rose has not filed a notice of appearance in this action and Autozone has given no indication that she will represent Autozone at the trial of this action. Therefore, the prospect of her being disqualified from representing Autozone at trial because she is also a witness — one of the principal concerns of judicial decisions disfavoring depositions of opposing counsel — is not an issue here. To the extent that the cases relied upon by Autozone rely upon concerns about the disclosure of work product, that reliance is misplaced here; as noted above, Rose possesses relevant information that is not protected by any privilege (e.g., dates of conversations), and Autozone can protect any privileged communications and work product by making appropriate objections at the deposition.

**CONCLUSION**

Throughout this action, Autozone has exhibited considerable reluctance to meeting its basic discovery obligations.  The instant motion, clearly lacking in merit, can only be explained as the latest reflection of that.  Rose possesses plainly relevant, nonprivileged information, and there is no basis for exempting Autozone from the usual procedures for asserting privilege at a deposition.

Wherefore, the EEOC respectfully requests that the motion be denied.


January 2, 2009                                          Respectfully submitted,

                                                     s/  Justin Mulaire
                                                     Trial Attorney
U.S. Equal Employment Opportunity Commission
500 W. Madison St., Ste. 2000
Chicago, IL  60661
312-353-7722
bar ID number:  4311031

## Certificate of Service

      I hereby certify that on January 2, 2009, I caused a copy of the PLAINTIFF EEOC'S MEMORANDUM IN OPPOSITION TO MOTION TO QUASH to be served upon counsel to Defendant Autozone, Inc., via the court's Electronic Case Filing system, pursuant to this court's Local Rule 5.3.

January 2, 2009                                    Respectfully submitted,

                                                          s/ Justin Mulaire
                                                          Trial Attorney
                                                          U.S. Equal Employment Opportunity Commission
                                                          500 W. Madison St., Ste. 2000
                                                          Chicago, IL  60661
                                                          312-353-7722
                                                          bar ID number:  4311031