**E-FILED**
Monday, 05 January, 2009  03:49:58 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| United States Equal Employment Opportunity Commission, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 07-1154 |
| | ) | |
| Autozone, Inc., | ) | |
| Defendant | ) | |

## ORDER

Now before the Court is the Defendant's Motion to Quash (#50). The motion is fully briefed and I have carefully considered the arguments of the parties. As explained below, the motion is denied.

## DISCUSSION

On December 9, 2008, Plaintiff issued a Notice of Deposition for LaJuene Rose, a staff attorney for Defendant AutoZone. The deposition is scheduled for January 9, 2009. On December 18, Defendant filed the instant motion, asking that the Notice of Deposition be quashed because the information possessed by Ms. Rose is protected by attorney/client privilege, work product privilege, or both.

According to defendant, Ms. Rose first became involved in this matter after John Shepherd filed his EEOC charge of discrimination and retaliation that ultimately led to the instant litigation. She interviewed various employees and officers of the Defendant for the purposes of advising her client "in anticipation that future litigation may ensue" (Motion ¶ 2) and "compil[ing] information responsive to the EEOC's multiple charge questionnaires." (Motion ¶ 3). According to Ms. Rose's affidavit, she was not involved in any decision "relative to accommodating [Shepherd's] medical restrictions," with any decision to place Shepherd on a medical leave of absence, or to return to work from leave of absence, or with Shepherd's administrative discharge.

The Federal Rules of Civil Procedure do not exempt attorneys from being deposed. Rule 30 broadly states that "[a] party may take the testimony of any person, ..., by deposition." Fed.R.Civ.P. 30(a)(1). Thus, "an attorney may be deposed, even if he or she represents a party to the litigation in issue." Hunt Intl Resources Corp. v. Binstein, 98 F.R.D. 689, 690 (N.D.Ill.1983).

At the same time, however, the Federal Rules specifically vest the courts with discretion to limit the "frequency and extent" of discovery methods, where "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Fed.R.Civ.P. 26(b)(2). Moreover, the rules authorize courts to bar certain discovery, or to regulate the method by which it is obtained, where "justice requires [it] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1), (3).

Cases discussing depositions of trial counsel generally acknowledge that deposition of opposing counsel "provides a unique opportunity for harassment; it disrupts the opposing attorney's preparation for trial, and could ultimately lead to disqualification of opposing counsel if the attorney is called as a trial witness." Marco Island Partners v. Oak Development Corp., 117 F.R.D. 418, 420 (N.D.Ill.1987). See also, Prevue Pet Products v. Avian Adventures, 200 F.R.D. 413, 418 (N.D.Ill.2001).

These considerations led the Eighth Circuit in Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir.1986), to state that depositions of opposing counsel "should be limited to where the party seeking to take the depositions has shown that (1) no other means exist to obtain the information than to depose opposing counsel, ...; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case." Id. at 1327.

In the case before this Court, deposing Ms. Rose will not disrupt the ongoing proceedings. She is not Defendant's trial counsel, and making her a witness could in no way it disrupt preparation for trial

or lead to disqualification of trial counsel. Assuming that the <u>Shelton</u> test provides appropriate guidance under the circumstances presented here, I find that the factors discussed in that case do not prohibit the taking of this deposition. First, Plaintiff's counsel has shown that other corporate witnesses lack memory of underlying events in which Rose was involved, making her recollection all the more important. Second, the information sought appears to be relevant; it is impossible to tell at this point in time, when no questions have even been asked of her, whether the information being sought from her is privileged. Finally, given the lapses in memory of other witnesses and the need to know who knew what when for purposes of proof (or dis-proof) of the retaliation claim, I find that some information she possesses may in fact be crucial to this case.

As mentioned in the preceding paragraph, I cannot rule at this time on any specific privilege issues, for there are none before the court. The only issue presented is whether the deposition should be barred in its entirety. I find that it should not.

## CONCLUSION

For the reasons stated above, the motion to quash [50] is denied. This Order is not to be construed as ruling on any specific issue of privilege that may be asserted during Rose's deposition. The deposition is to proceed as currently scheduled. Counsel are to make all good faith efforts to resolve disputes relating to privilege during the deposition. If resolution cannot be reached during the deposition, counsel shall make a complete record. All unresolved issues relating to privilege may be brought to the Court following conclusion of the deposition.

ENTERED ON January 5, 2009

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE

3