IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 07 C 1154 |
| v. | ) ) | Magistrate Judge Gorman |
| AUTOZONE, INC. | ) ) ) | |
| Defendant. | ) ) ) | |

## MOTION IN LIMINE - #3

### PLAINTIFF MAY NOT TESTIFY AS TO HEARSAY STATEMENTS FROM HIS PHYSICIANS

NOW COMES Defendant, AUTOZONE, INC. by and through its attorneys, Joseph F. Spitzzeri and Christopher J. Carlos of JOHNSON & BELL, LTD., and hereby moves this Honorable Court for the entry of an order, *in limine*, prohibiting JOHN and SUSAN SHEPHERD, from using any testimony, remarks, questions, items of evidence, or arguments which might inform the jury of statements made by JOHN SHEPHERD'S medical care providers.

The general rule is that hearsay statements are not admissible. Fed. R. Evid. 802. There are however, certain exceptions to the rule. Statements made for purposes of medical diagnosis are allowed as an exception to Rule 802. *See* Fed. R. Evid. 803(4). This rule is an exception allowing statements made by a person seeking medical attention to a physician for purposes of diagnosis. *Gong v. Hirsch*, 913 F.2d 1269, 1273-74 (7th Cir. 1990). However, in no uncertain terms does this exception apply to statements made by the medical provider to the patient. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 564 (7th Cir. 1996).

In *Bombard*, the court rejected testimony offered by the plaintiff regarding his physician's statements to him as inadmissible hearsay. The plaintiff argued that the statement was offered for purposes of establishing that he was capable of performing the essential functions of his job. *Id.* Nonetheless, the court rejected this argument and held that statements made by a provider do not fall under the exceptions to the hearsay rule. *Id.*

Similarly, neither JOHN SHEPHERD nor SUSAN SHEPHERD are entitled to testify regarding any statements made by Mr. Shepherd's medical care providers as to his condition, prognosis, and future treatment. Such statements are clearly incompetent hearsay and should be prohibited.

WHEREFORE, Third Party Defendant, AUTOZONE, INC., respectfully requests that this Court instruct the Plaintiff, as well his counsel, and all non-medical witnesses not to mention, refer to, interrogate concerning, or attempt to convey to the jury any statements made by JOHN SHEPHERD'S medical care providers, and further that no reference be made that this motion has been filed and argued.

By:    /s/ Joseph F. Spitzzeri
        Joseph F. Spitzzeri
        Attorneys for Autozone, Inc.

Joseph F. Spitzzeri
Christopher J. Carlos
JOHNSON & BELL, LTD.
33 W. Monroe Street, #2700
Chicago, Illinois 60603
312/372-0770