IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 07 C 1154 |
| v. | ) ) ) | Magistrate Judge Gorman |
| AUTOZONE, INC. | ) ) ) | |
| Defendant. | ) ) | |

## MOTION IN LIMINE - #5

### PLAINTIFF MAY NOT INTRODUCE EVIDENCE CONCERNING AUTOZONE'S NET WORTH OR CORPORATE NATURE

NOW COMES Defendant, AUTOZONE, INC., by and through its attorneys, Joseph F. Spitzzeri and Christopher J. Carlos of JOHNSON & BELL, LTD., and hereby move this Honorable Court for the entry of an Order, *in limine*, prohibiting the Plaintiff and its counsel as well as all witnesses and other parties to this lawsuit, from using any testimony, remarks, questions, items of evidence, arguments, or implications which might tend to inform the jury or require testimony regarding the wealth or corporate nature of defendant.

In order for evidence to be admissible, such evidence must be relevant to the facts or issues before the trier of fact. Fed. R. Evid. 401. References to the financial position of a party are improper and irrelevant. *Adams Laboratories, Inc. v. Jacobs Engineering Co.*, 761 F.2d 1218, 1225-26 (7th Cir. 1985); *Draper v. Airco, Inc.*, 580 F.2d 91, 95 (3rd Cir. 1978). Similarly, references to the corporate nature of a defendant are improper as such references tend to evoke any prejudices the jury might have against corporations

generally. *Id.* Any reference or innuendo as to the corporate nature and size of Defendant would only serve to inflame the jury and invite improper speculation in comparison to the plaintiff's claim for damages. Such references or innuendos would clearly prejudice the defendant in this case and would constitute reversible error.

AutoZone anticipates that the EEOC will argue that net worth is relevant to its punitive damages claim. The parties supplied the court with statements of all of the relevant facts in this litigation during the briefing on summary judgment. There were no facts presented which would support an award of punitive damages. AutoZone provided diversity training, including ADA training to all of its employees. *See* (Steven Smith Dep. p. 11-12); (Teresa James Dep. p. 17:23-25, p. 18:1-14); (Karen Miller Dep. p. 13-14). AutoZone had a diversity statement in its employee manuals. *See* (Steven Thompson Dep. p. 16-17). All of the AutoZone employees involved in this litigation had diversity training, including ADA training. *Id.*

Diversity training is a defense to punitive damages claims. In the punitive damages context, an employer may not be vicariously liable for the discriminatory decisions of managerial agents where these decisions are contrary to the employer's good-faith efforts to comply with federal antidiscrimination laws. The U.S. Supreme Court has set forth the elements that a plaintiff must establish in order to receive punitive damages under the Civil Rights Act of 1991. According to the statute the employer must act with malice or reckless indifference to the plaintiff's federally protected rights. *Hertzberg v. SRAM Corp.*, 261 F.3d 651, 661 (7th Cir. 2001). Once the plaintiff has met the burden of showing the employer acted with the requisite mental state, the employer may still avoid liability for punitive damages if it can show that it engaged in good faith

efforts to implement an antidiscrimination policy. *Id.* As stated above, there is no evidence of malice or reckless indifference on the part of AutoZone. In fact, the EEOC did not even include a count or prayer for punitive damages in its complaint. The Federal Rules of Civil Procedure require that if an item of special damage is claimed, it must be specifically stated in the complaint. Fed. R. Civ. p. 9(g); see also *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008), (wherein the court denied plaintiff's motion to amend its pleadings to add a count for punitive damages on the eve of trial because it would create undue delay and be prejudicial to defendant). Furthermore, there is no question that AutoZone engaged in good faith efforts to implement a company-wide effort in favor of an anti-discrimination policy. Accordingly, punitive damages are not appropriate in this context. Therefore, any attempt to utilize the theory of punitive damages to discuss the corporate nature or net worth should be denied by this court.

It should also be noted that the EEOC cannot establish that the "decisionmaker" that took adverse employment actions against JOHN SHEPHERD did so with malice or willfully and wantonly to support a punitive damages award since the EEOC has not identified the "decisionmaker".

WHEREFORE, Defendant, AutoZone, Inc., respectfully requests this Court to instruct the plaintiff and his respective counsel, as well as all witnesses and other parties to this action not to mention, refer to, interrogate, or attempt to convey to the jury in any manner whatsoever the above mentioned matter, and that further no reference be made to the fact that this motion has been submitted and argued.

By: /s/ Joseph F. Spitzzeri
Attorneys for AutoZone, Inc.

Joseph F. Spitzzeri
Christopher J. Carlos
JOHNSON & BELL, LTD.
33 W. Monroe Street, #2700
Chicago, Illinois 60603
312/372-0770