IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, </br></br>Plaintiff,</br></br>v.</br></br>AUTOZONE, INC.</br></br>Defendant. | Civil Action No. 07 C 1154</br></br>Magistrate Judge Gorman |

### MOTION IN LIMINE - #2

### PLAINTIFF MAY NOT ELICIT TESTIMONY REGARDING THE EXISTENCE OF INSURANCE

NOW COMES Defendant, AUTOZONE, INC., by and through its attorneys, Joseph F. Spitzzeri and Christopher J. Carlos of JOHNSON & BELL, LTD., and hereby moves this Honorable Court for the entry of an Order, *in limine*, prohibiting the Plaintiff and its respective counsel, all attorneys of record, as well as all witnesses and parties to this lawsuit, from using any testimony, remarks, questions, items of evidence, or arguments which might require any testimony or offer of evidence regarding the existence of insurance or otherwise disclosing the existence of insurance to the jury.

1. It is generally reversible error to inform the jury as to the existence or absence of insurance. Evidence of this nature is generally not admissible. Fed. R. Evid. 411; *see also Gassman v. Frischholz*, No. 05 C 5377, 2007 U.S. Dist. LEXIS 31584, at *3 (N.D. Ill. Apr. 30, 2007). The rationale underlying this rule is that such information is not only irrelevant to the determination of liability but also artificially inflates any verdict.

2. In *Cotter v. McKinney*, the Seventh Circuit reversed a verdict in favor of plaintiff due to his attorney's improper interjection of insurance into his closing argument. *Cotter v. McKinney*, 309 F.2d 447, 449-50, 452 (7th Cir. 1962). The attorney in *Cotter* made repeated references directly to insurance in an apparent attempt to mislead the jury into believing a judgment could be rendered against another defendant/insurance company. *Id.* at 450. The court held that calling attention to the fact that accident insurance was available and providing the name of the insurance company constitutes prejudicial error. *Id.* Moreover, the Court reasoned that whether a party has someone to assist in paying a judgment, if one is rendered against him, has nothing to do with the merits of the case and would be designed only to aid the plaintiff at the expense of the defendant. *Id.* at 451.

3. In the instant suit, the defendant AutoZone, Inc. is insured. The fact that said defendant is insured neither tends to prove nor disprove any of the issues in this case and has no possible bearing on the question of damages at issue in this case. Plaintiff and its attorneys, as well as all witnesses and other parties to this lawsuit, should be prohibited from using any testimony, remarks, questions, items of evidence, or arguments which might require any testimony or offer of evidence concerning the existence of insurance or disclosing the existence of the fact that the defendants are insured to the jury.

4. It is further believed that certain documentary evidence that has been exchanged in the case contain references to insurance, insurance providers and the like. Defendant seeks to bar Plaintiff from introducing any documentary evidence that would directly or indirectly violate this order, and alerting the jury to the existence of insurance for the defendant in the instant case. Defendant requests that any documents displayed to the jury and /or offered into evidence that contain reference to insurance be redacted so that any reference to insurance is removed therefrom. Defendant also request an opportunity to examine any documents displayed to the jury and/or

offered into evidence prior to publication to confirm that any reference to insurance has been redacted therefrom.

WHEREFORE, Defendant, AutoZone, Inc. respectfully request this court to instruct the Plaintiff and its respective counsel, as well as witnesses and all other parties to this action not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner whatsoever, either directly or indirectly, the fact that there was insurance for any of the work at issue or that the defendant was insured as it relates to this occurrence, and further that no reference be made to the fact that this motion has been filed and argued.

By: /s/ Joseph F. Spitzzeri  
Joseph F. Spitzzeri  
Attorneys for Autozone, Inc.

Joseph F. Spitzzeri  
Christopher J. Carlos  
JOHNSON & BELL, LTD.  
33 W. Monroe Street, #2700  
Chicago, Illinois 60603  
312/372-0770