IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 07 C 1154 |
| v. | ) ) | Magistrate Judge Gorman |
| AUTOZONE, INC. | ) ) ) | |
| Defendant. | ) ) ) | |

## MOTION IN LIMINE - #7

### MOTION TO BAR SUSAN SHEPHERD FROM OFFERING HEARSAY TESTIMONY REGARDING AN ALLEGED INCIDENT BETWEEN JOHN SHEPHERD AND AUTOZONE EMPLOYEES

NOW COMES Defendant, AUTOZONE, INC., by and through its attorneys, Joseph F. Spitzzeri and Christopher J. Carlos of JOHNSON & BELL, LTD., and hereby moves this Honorable Court for the entry of an Order, *in limine*, prohibiting SUSAN SHEPHERD from using any testimony, remarks, questions, items of evidence, or arguments which might require any testimony or offer of evidence regarding an alleged incident at an AutoZone store wherein a mouse allegedly was placed in JOHN SHEPHERD'S mailbox.

The relevant issues in this case focus on John Shepherd's alleged disability and whether or not AutoZone reasonably accommodated his disability during his course of employment with AutoZone. This case has nothing to do with alleged pranks between AutoZone employees and allowing testimony regarding such topics would only serve to prejudice AutoZone and invoke sympathy from a jury.

Nonetheless, during her deposition, SUSAN SHEPHERD offered testimony regarding what she was told by JOHN SHEPHERD about an alleged incident at an AutoZone store. SUSAN SHEPHERD testified that her husband told her that someone put a rodent in his mailbox at work that had a mangled leg. *See* (Susan Shepherd Dep. p. 22:13-23). Furthermore, SUSAN SHEPHERD testified that she thought that her husband told her that he thought it was Don Weir who was behind the joke. *See* (Susan Shepherd Dep. p. 23: 23-24, 24: 1). Finally, SUSAN SHEPHERD testified that she guessed it happened on two occasions, not just once. *See* (Susan Shepherd Dep. p. 23:20-21). This testimony is hearsay, irrelevant and speculative at best.

The Federal Rules of Evidence make very clear that only relevant evidence shall be admitted at trial, and all irrelevant testimony will be excluded. Rule 402 of the Federal Rules of Evidence clearly states "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The question of whether evidence is relevant is one based in experience and logic. Fed. R. Evid. 402 advisory committee's note. The above referenced testimony of SUSAN SHEPHERD not only constitutes inadmissible hearsay, *See* Fed. R. Evid. 802, but it is also irrelevant as it has no probative value and does nothing to assist the trier of fact in making a determination as to the ultimate issues in this case. It would, however, be highly prejudicial to AutoZone. The only foreseeable basis for offering this testimony would be to invoke sympathy from a jury and distract it from the ultimate issues at hand.

WHEREFORE, Defendant, AutoZone, Inc. respectfully requests this court for the entry of an Order, *in limine*, prohibiting SUSAN SHEPHERD from using any testimony, remarks, questions, items of evidence, or arguments which might require any testimony or offer of evidence

regarding an alleged incident at an AutoZone store wherein a mouse was placed in JOHN SHEPHERD'S mailbox.

By: /s/ Joseph F. Spitzzeri
    Joseph F. Spitzzeri
    Attorneys for Autozone, Inc.

Joseph F. Spitzzeri
Christopher J. Carlos
JOHNSON & BELL, LTD.
33 W. Monroe Street, #2700
Chicago, Illinois 60603
312/372-0770