IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 07 C 1154 |
| v. | ) Magistrate Judge Gorman |
| AUTOZONE, INC. | ) |
| Defendant. | ) |

MOTION IN LIMINE - #8

**MOTION TO EXCLUDE TESTIMONY REGARDING
ANY FAILURE TO ACCOMMODATE BY
AUTOZONE PRIOR TO SEPTEMBER 12, 2003**

NOW COMES Defendant, AUTOZONE, INC., by and through its attorneys, Joseph F. Spitzzeri and Christopher J. Carlos of JOHNSON & BELL, LTD., and hereby moves this Honorable Court for the entry of an Order, *in limine*, excluding any testimony, remarks, questions, items of evidence, or arguments referencing Defendant's alleged failure to accommodate Plaintiff prior to September 12, 2003.

**Any Allegation Regarding AutoZone's Failure to
Accommodate Plaintiff Prior to September 12, 2003 is Irrelevant**

The Federal Rules of Evidence make very clear that only relevant evidence shall be admitted at trial, and all irrelevant testimony will be excluded. Rule 402 of the Federal Rules of Evidence clearly states "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of

the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The question of whether evidence is relevant is one based in experience and logic. *Id.* According to the decisions of this Circuit, a trial court possesses broad discretion in determining the relevance of proffered evidence, and its decision will not be disturbed on appeal absent a clear showing that the court abused its discretion. *United States v. Green*, 735 F.2d 1018, 1026 (7th Cir. 1984); *United States v. Solomon*, 688 F.2d 1171, 1178 (7th Cir. 1982).

In its June 16, 2009 order on AutoZone's Motion for Summary Judgment, this court found as follows: (1) There was no adverse employment action taken by AutoZone against John Shepherd prior to his September 12, 2003 accident. *See* (Order p. 26, June 16, 2009); (2) John Shepherd was not substantially limited in any major life activities, other than the ability to sexually reproduce, prior to the September 12, 2003 accident. *Id.* at 25-26. And (3) John Shepherd failed to establish a prima facie case against AutoZone for a failure to accommodate prior to the September 12, 2003 accident. *Id.* at 26. As a result of these findings, any testimony or reference to any alleged failure by AutoZone or its employees to accommodate Shepherd prior to September 12, 2003 is irrelevant to this matter and will only serve to unfairly prejudice AutoZone. Furthermore, any references to conversations by and between AutoZone employees (specifically Steve Smith or Steven Thompson) or AutoZone employees and JOHN SHEPHERD or TERRY WILMOT relative to accommodating JOHN SHEPHERD prior to September 12, 2003 are similarly irrelevant and should be barred.

WHEREFORE, Defendant, AUTOZONE, INC., requests an order, *in limine*, excluding any testimony, remarks, questions, items of evidence, or arguments referencing

Defendant's alleged failure to accommodate Plaintiff prior to September 12, 2003, from the courtroom during trial.

                                                        By: /s/ Joseph F. Spitzzeri
                                                              Joseph F. Spitzzeri
                                                              Attorneys Autozone, Inc.

Joseph F. Spitzzeri
Christopher J. Carlos
JOHNSON & BELL, LTD.
33 W. Monroe Street, #2700
Chicago, Illinois 60603
312/372-0770