IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 07 C 1154 |
| v. | ) ) ) | Magistrate Judge Gorman |
| AUTOZONE, INC. | ) ) ) | |
| Defendant. | ) ) ) | |

## MOTION IN LIMINE - #11

### MOTION TO BAR TERRY WILMOT FROM OFFERING TESTIMONY REGARDING HIS DAUGHTER'S ACCIDENT AND ALLEGED PHONE CALLS FROM STEVEN SMITH DURING HIS TIME THE FAMILY MEDICAL LEAVE

NOW COMES Defendant, AUTOZONE, INC., by and through its attorneys, Joseph F. Spitzzeri and Christopher J. Carlos of JOHNSON & BELL, LTD., and hereby moves this Honorable Court for the entry of an Order, *in limine*, prohibiting TERRY WILMOT from using any testimony, remarks, questions, items of evidence, or arguments which might require any testimony or offer of evidence regarding his daughter's accident and injuries and alleged phone calls with Steve Smith while he was at the hospital with his daughter and on Family Medical Leave.

The relevant issues in this case focus on John Shepherd's alleged disability and whether or not AutoZone reasonably accommodated his disability during his course of employment with AutoZone. This case has nothing to do with TERRY WILMOT'S daughter or her injuries. Furthermore, it has nothing to do with TERRY WILMOT stepping down from Store Manager to

Part Sales Manager. Allowing testimony regarding such topics would only serve to prejudice AutoZone and distract a jury from the relevant factors in this case.

During his deposition, TERRY WILMOT offered testimony regarding a period of time that he alleged to be on Family Medical Leave due to the fact that his daughter was in an accident and struck by a motor vehicle. *See* (Terry Wilmot Dep. p. 15-24.) He further referenced the fact that he was in the hospital and had a phone conversation with Steven Smith regarding WILMOT stepping down from Store Manager to Part Sales Manager. This testimony is irrelevant and has no probative value. Furthermore, it would only serve to prejudice AutoZone in the eyes of the jury.

The Federal Rules of Evidence make very clear that only relevant evidence shall be admitted at trial, and all irrelevant testimony will be excluded. Rule 402 of the Federal Rules of Evidence clearly states "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The question of whether evidence is relevant is one based in experience and logic. Fed. R. Evid. 402 advisory committee's note. The above referenced testimony of TERRY WILMOT is irrelevant and is in no way helpful to the finder of fact in deciding the ultimate issues in the case. The fact that WILMOT'S daughter was injured and in the hospital, and that he had conversations with Steve Smith regarding his personal employment with AutoZone has nothing to do with allegations that AutoZone failed to accommodate Shepherd. It would, however, be highly prejudicial to AutoZone to allow this testimony before a jury. The only conceivable basis for allowing this testimony is to arouse anger from the jury and distract it from the ultimate issues at hand.

WHEREFORE, Defendant, AutoZone, Inc. respectfully requests this court for the entry of an Order, *in limine*, prohibiting TERRY WILMOT from using any testimony, remarks, questions, items of evidence, or arguments which might require any testimony or offer of evidence regarding his daughter's accident and injuries and alleged phone calls with Steve Smith while he was at the hospital with his daughter and on Family Medical Leave.

By: /s/ Joseph F. Spitzzeri
Joseph F. Spitzzeri
Attorneys for Autozone, Inc.

Joseph F. Spitzzeri
Christopher J. Carlos
JOHNSON & BELL, LTD.
33 W. Monroe Street, #2700
Chicago, Illinois 60603
312/372-0770