IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 07 C 1154 |
| v. | ) ) | Magistrate Judge Gorman |
| AUTOZONE, INC. | ) ) ) | |
| Defendant. | ) ) ) | |

## MOTION IN LIMINE - #12

NOW COMES Defendant, AUTOZONE, INC., by and through its attorneys, Joseph F. Spitzzeri and Christopher J. Carlos of JOHNSON & BELL, LTD., and hereby move this Honorable Court for the entry of an Order, *in limine*, prohibiting DR. MARC KATCHEN from using any testimony, remarks, questions, items of evidence, arguments, opinions or implications which might tend to inform the jury or require testimony regarding JOHN SHEPHERD'S alleged inability to reproduce.

### Dr. Katchen Is Not Qualified To Offer Opinion Testimony As To John Shepherd's Alleged Inability To Reproduce

AutoZone moves to bar Dr. Marc Katchen from offering any testimony or opinions relative to John Shepherd's inability to reproduce as this testimony fails to meet the criteria for relevance and reliability required by Fed. R. Evid. 702 and Fed. R. Evid 104(a), and embraced by the *United States Supreme Court in Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579; 113 S. Ct. 2786 (1993).

In *Daubert*, the Supreme Court rejected the "general acceptance" test set forth in *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923), in favor of the more "scientifically reliable" standard

promulgated under FED R. EVID. 702 and 104(a). The Daubert Court stated that an expert scientific opinion must be grounded in the "methods and procedures of science", and must consist of more than simply "subjective belief and unsupported speculation." *Id*. The Court added:

> An inference or assertion must be derived by the scientific method. Proposed testimony must be supported by appropriate validation --i.e. "good grounds," based on what is known. In short, the requirement that an expert's testimony pertain to "scientific knowledge" establishes a standard of evidentiary reliability.

*Daubert*, 509 U.S. at 590.

The trial court must act as a gatekeeper, screening purported scientific evidence to ensure reliability. *General Elec. Co. v. Joiner*, 118 S.Ct. 512, 517 (1997); *M. Graham, Federal Practice and Procedure: Evidence § 6652 (interim edition)(1995 Supp.)* The purpose of the gatekeeper function of the court is to protect juries from the effect of "powerful and quite misleading" expert testimony which may be offered without basis. *Daubert*, 509 U.S. at 595. The party who proffers an expert's testimony bears the burden of establishing its admissibility by a preponderance of proof. *Schmaltz v. Norfolk and Western Ry. Co.*, 878 F. Supp. 1119; 42 Fed. R. Evid. Serv. 77 (N.D.Ill. 1995).

The Daubert court identified four nonexclusive guideposts for determining whether expert testimony can be characterized as a scientific opinion: (1) whether the theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known potential rate of error; and (4) the general acceptance of the theory in the scientific community. *Gruca v. Alpha Therapeutic Corp.*, 51 F.3d 638, 642 (7th Cir. 1995); *Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 344 (7th Cir. 1994); *Daubert*, 509 U.S. at 591-95, 113 S.Ct. at 2796-97. The most important of these four factors is whether the proffered testimony has been tested. *Stanczyk v. Black & Decker, Inc.*, 836 F.Supp. 565, 567 (N.D.Ill.

1993). "Scientific methodology today is based on generating hypotheses and testing them to see if they can be falsified." *Daubert*, 509 U.S. at 593, 113 S.Ct. at 2796.

The *Daubert* test is based in part on Fed. R. Evid. 702 which provides a two-part test in determining the admissibility of expert testimony. First, the court must decide "whether the expert's testimony pertains to scientific knowledge. This task requires that the court consider whether the testimony has been subjected to the scientific method; it must rule out 'subjective belief or unsupported speculation.'" *Porter v. Whitehall Lab*, 9 F.3d 607, 614 (7th Cir. 1993) (quoting *Daubert*, 509 U.S. at 590). Second, the court must determine whether the evidence or testimony assists the trier of fact in understanding the evidence or in determining a fact in issue. *Id.*, 9 F.3d 607 at 616. Therefore, in order to satisfy the requirements of the *Daubert* test, the expert must be able to prove to the court that the methodology used to reach the proffered opinion is generally accepted in the scientific community and that it is scientifically grounded and can be tested.

In discussing scientific knowledge, the Court in Daubert explained:

The adjective "scientific" implies a grounding in the methods and procedures of science. Similarly, the word "knowledge" connotes more than subjective belief or unsupported speculation. . . Of course, it would be unreasonable to conclude that the subject of scientific testimony must be "known" to a certainty; arguable, there are no certainties in science. . . but, in order to qualify as "scientific knowledge," an inference or assertion must be derived by the scientific method. Proposed testimony must be supported by appropriate validation –i.e., "good grounds," based on what is known. In short, the requirement that an expert's testimony pertain to "scientific knowledge" establishes a standard of evidentiary reliability.

Daubert, 509 U.S. at 590

Lastly, scientific evidence which is only set forth for purposes of litigation, as in the instant case, should be scrutinized at a higher level. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1316 (9th Cir. 1995).

3

Dr. Katchen is a neurologist. A neurologist is a physician who deals with the nervous system. He was board certified in neurology in 1989. (Exhibit A) He practiced neurology from 1982 – present. He has no specialized training in reproductive sciences. Based on the above information alone, Dr. Katchen is not qualified to render opinion testimony regarding John Shepherd's alleged inability to reproduce.

As of the date of this motion, Dr. Katchen has not offered any evidence or opinions regarding John Shepherd's alleged inability to reproduce. In his deposition, Dr. Katchen testified as follows: "my experience with patients, both pain patients or patients who have limitations because of movement, has been that, yeah, it interferes with coitus." See (Katchen Dep. p. 61:11-14). Dr. Katchen mentions nothing about Shepherd's ability to reproduce. In fact, he doesn't even say that Shepherd can't engage in intercourse. He merely says it can be painful. Dr. Katchen did no testing of Shepherd's ability to reproduce. Thus, he has no scientific foundation support for any theories relating to Shepherd's alleged inability to reproduce.

Dr. Katchen has not offered any testimony and should be barred from attempting to offer any testimony or opinions regarding Shepherd's alleged inability to reproduce as he has no basis for doing so. Allowing him to do so would contradict the findings in *Daubert* and the Federal Rules of Evidence.

WHEREFORE, Defendant, AutoZone, Inc., respectfully requests this Court for the entry of an Order, *in limine*, prohibiting DR. MARC KATCHEN from using any testimony, remarks, questions, items of evidence, arguments, opinions or implications which might tend to inform the jury or require testimony regarding JOHN SHEPHERD'S alleged inability to reproduce.

By: /s/ Joseph F. Spitzzeri
Attorneys for AutoZone, Inc.

Joseph F. Spitzzeri
Christopher J. Carlos
JOHNSON & BELL, LTD.
33 W. Monroe Street, #2700
Chicago, Illinois 60603
312/372-0770