IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 07 C 1154 |
| v. | ) ) | Magistrate Judge Gorman |
| AUTOZONE, INC. | ) ) ) | |
| Defendant. | ) ) ) | |

## MOTION IN LIMINE #13

### MOTION TO BAR REFERENCE TO ANY AND ALL PRIOR AND PENDING LAWSUITS AND CLAIMS AND OCCURRENCES OF ANY KIND

NOW COMES Defendant, AUTOZONE, INC, by and through its attorneys, Joseph F. Spitzeri and Christopher J. Carlos of JOHNSON & BELL, LTD., and moves this Honorable Court *in limine* for the entry of an order prohibiting the plaintiff, plaintiff's counsel, as well as all witnesses and parties to this lawsuit from making any statements, remarks or arguments, or introducing any testimony, exhibits or other evidence, relating or pertaining to any other prior and pending lawsuits, claims and/or occurrences of any kind involving AutoZone. In support thereof defendant states as follows:

Defendant moves to bar evidence of any and all lawsuits and claims of any kind involving AutoZone, as they are irrelevant and unfairly prejudicial. FED. R. EVID. 401 AND 403. Further, any arguable probative value would be substantially outweighed by its prejudicial effect. "Evidence is unfairly prejudicial if it will 'induce the jury to decide the case on an improper basis rather than on the evidence presented.'" *United States v. Miles*, 207 F.3d 988, 992 (7th Cir. 2000). As this Court has previously stated, evidence about unrelated lawsuits is inflammatory and likely to prejudice

the jury against defendants. In the case of *Johnson v. PS Ill. Trust*, No. 03 C 6517, 2005 U.S. Dist. LEXIS 28069 (N. D. Ill. November 14, 2005) the Northern District Court granted defendant's motion to exclude reference to other lawsuits brought against PSI or its affiliates reasoning that facts involving other lawsuits are too far afield, irrelevant, and unduly prejudicial. *Id.* at 14. As in *Johnson*, evidence of any and all lawsuits and claims of any kind should be barred as they are irrelevant and unduly prejudicial to AutoZone in the instant matter.

Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. FED. R. EVID. 403. Here, the risks posed by the introduction of the evidence significantly outweigh its probative worth. Accordingly, evidence of any and all lawsuits, claims and occurrences of any kind involving AutoZone should be barred.

WHEREFORE, Defendant, AUTOZONE, INC, requests this Honorable Court enter an order, in limine, prohibiting the plaintiff, plaintiff's counsel, as well as all witnesses and parties to this lawsuit from making any statements, remarks or arguments, or introducing any testimony, exhibits or other evidence, relating or pertaining to any other prior and pending lawsuits, claims and/or occurrences of any kind involving AutoZone. Respectfully submitted,

By: /s/ Joseph F. Spitzzeri
Joseph F. Spitzzeri
Attorneys for Autozone, Inc.

Joseph F. Spitzzeri
Christopher J. Carlos
JOHNSON & BELL, LTD.
33 W. Monroe Street, #2700
Chicago, Illinois 60603
312/372-0770