IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 07 C 1154 |
| v. | ) ) | Magistrate Judge Gorman |
| AUTOZONE, INC. | ) ) ) | |
| Defendant. | ) ) ) | |

### MOTION IN LIMINE - #14

### MOTION TO BAR HEARSAY CONVERSATIONS WITH UNIDENTIFIED ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY PERSONNEL

NOW COMES Defendant, AUTOZONE, INC., by and through its attorneys, Joseph F. Spitzzeri and Christopher J. Carlos of JOHNSON & BELL, LTD., and hereby moves this Honorable Court for the entry of an Order, *in limine,* prohibiting the Plaintiff and his counsel as well as all witnesses and other parties to this lawsuit, from eliciting testimony concerning, introducing evidence, alluding to and/or making any argument in the presence of the jury regarding hearsay conversations between the John P. Shepherd, III ("Shepherd) and any unidentified Illinois Department of Employment Security ("IDES") personnel concerning his employment with AutoZone.

In his discovery deposition, Shepherd testified about conversations he had with unidentified IDES personnel regarding their review of his application for unemployment benefits, their initial denial of said benefits, and subsequent approval following further investigation. Specifically, Shepherd testified that during one such conversation, IDES personnel informed him that AutoZone's store managers provided IDES with false

information. Shepherd testified further that IDES advised him that his application was subsequently approved based on IDES's determination that he was wrongfully discharged from AutoZone. (*See* Shepherd's deposition taken on March 21, 2008, pages 179-180). As such, his testimony as to these conversations should be barred as it is hearsay.

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(c). Hearsay is generally inadmissible. Fed. R. Evid. 802. Based on the above, any comments, innuendo, or statements elicited by the plaintiff as to the alleged conversations between Shepherd and undisclosed IDES personnel should be barred as hearsay.

WHEREFORE, Defendant, AutoZone, Inc., respectfully request this Court to instruct the plaintiff and his respective counsel, as well as all witnesses and other parties to this action not to mention, refer to, interrogate, or attempt to convey to the jury in any manner whatsoever the above mentioned matter, and further that no reference be made to the fact that this motion has been submitted and argued.

By: /s/Joseph F. Spitzzeri
Attorneys for AutoZone, Inc.

Joseph F. Spitzzeri
Christopher J. Carlos
JOHNSON & BELL, LTD.
33 W. Monroe Street, #2700
Chicago, Illinois 60603
312/372-0770