UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EEOC | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 07-1154 |
| | ) | |
| AutoZone Inc. | ) | |
|     Defendant | ) | |

**ORDER**

Now before the Court are 14 motions in limine filed by AutoZone. EEOC has filed its response to these motions. As stated at the final pretrial conference, there is no opposition to the following motions, and they are therefore granted: Motions #1 (doc. #92), #2 (doc. #96), #3 (doc. #93), #7 (doc. #98), #13 (doc. #104) and #14 (doc. #105). This Order resolves the remaining motions.

MOTION IN LIMINE #4 (DOC. #94)

Autozone asks the court to exclude all testimony regarding plaintiff's inability to reproduce, asserting that there is no causal connection between that alleged inability and any accommodation sought from AutoZone. Defendant wisely concedes that inability to reproduce is a major life activity, see Bragdon v. Abbott, 524 U.S. 624 (1998). In Bragdon, the plaintiff had HIV. She brought a "public accommodations" claim under the ADA against her dentist, who refused to treat her in his office. The Supreme Court found that HIV was a physical impairment substantially limiting the major life activity of reproduction.

AutoZone, however, points out that inability to reproduce is not the same as inability to engage in sexual activity, and the latter is not a major life activity. Squibb v. Memorial Medical

Center, 497 F.3d 775 (7th Cir,. 2007); Contreras v. Suncast, 237 F.3d 756 (7th Cir. 2001). Because the only evidence is that Shepherd's pain makes it difficult or painful to engage in sexual activity, rather than unable to procreate, AutoZone seeks to bar that evidence entirely.

EEOC does not argue about that distinction, rather pointing to the evidence in this record that supports the proposition that Shepherd is unable to procreate. In his Declaration, Shepherd stated: "The physical motion needed to engage in sexual intercourse is too painful now and causes me to be unable to maintain an erection. Therefore in the time since my back and neck have been impaired, I have been unable to reproduce."

The motion mis-characterizes the record in this case. There is evidence to support the assertion that Shepherd was substantially limited in a recognized major life activity. Severe limitations in the ability to engage in sexual activity for the purposes of reproduction can amount to an impairment of a major life activity. Contreras, 237 F.3d at 764 n.6.

AutoZone goes on to argue that the evidence should nonetheless be barred because there is no evidence of a causal connection between the inability to reproduce and any accommodation sought from AutoZone. In Scheerer v. Potter, 443 F.3d 916, 921 (7th Cir. 2006), the Seventh Circuit commented in *dicta* that the plaintiff had not explained how his employer could reasonably accommodate his diabetes in the context of symptoms of sexual reproduction. There is no other case making such a statement. If this is an accurate statement of causation in an ADA claim, then the circumstances under which inability to reproduce could be a "disability" cognizable under the Act would be slim to none. I find that the statement does not govern here.

The motion in limine is denied.

MOTION IN LIMINE #5 (DOC. #95)

AutoZone argues that evidence of its net worth or corporate nature is irrelevant other than in the context of a punitive damages claim. There is such a claim pending, so this evidence is not irrelevant.

AutoZone goes on to argue that the punitive damages claim will be successfully defended by evidence of corporate diversity training, including ADA training, to all employees, and by inclusion of a diversity statement in its employment manual. But, as EEOC points out, punitive damages may be properly awarded if there is evidence of "reckless indifference," which can be shown by evidence that the defendant acted "in the face of a perceived risk that [its] actions ... violate[d] federal law." Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 536 (1999). If there is evidence, as there is here, that "relevant individuals knew of or were familiar with the anti-discrimination laws and the employer's policies for implementing those laws." Bruso v. United Airlines, Inc., 239 F.3d 848, 858 (7th Cir. 2001). See also, Romano V. U-Haul, 233 F.3d 655, 669 (1st Cir. 2000)(reckless indifference shown by evidence that employee who ordered plaintiff fired was aware of employer's anti-discrimination policies); Ogden v. Wax Works, Inc., 214 F.3d 999, 1010 (8th Cir.2000) (jury could reasonably find reckless indifference from evidence that supervisor acted in the face of a perceived risk that his actions would violate federal law when he testified that he was familiar with his employer's anti-discrimination policy and had received extensive training on the anti-discrimination laws); Lowery v. Circuit City Stores, Inc., 206 F.3d 431, 443 (4th Cir.2000), cert. denied, 531 U.S. 822, (2000) (finding sufficient evidence to support the jury's award of punitive damages when the manager who discriminated presumably knew of the federal antidiscrimination laws, because the employer required all managers to attend a training session on them); EEOC v. Wal-Mart Stores, Inc., 187 F.3d 1241, 1246 (10th Cir.1999) (finding a sufficient evidentiary basis

for the jury's award of punitive damages when the store manager who approved the plaintiff's suspension testified that he was familiar with the ADA and its prohibition against discrimination).

Nothing in AutoZone's motion expounds upon the portion of the title of this document that includes the "corporate nature" of AutoZone. That part of the motion is therefore waived.

Because there is evidence to counter the inference AutoZone would have this Court draw, the motion is denied. Evidence relating to the question of punitive damages may be presented to the jury.

MOTION IN LIMINE #6 (DOC. #97)

In this motion, AutoZone asks the court to bar "opinion testimony by lay witnesses." AutoZone explains that neither John Shepherd nor his wife have any specialized knowledge, skill, experience, training, or education in medicine and should therefore be precluded from offering testimony "diagnosing plaintiff's medical condition at any time relenat to this proceeding.

Fed.R.Evid. 701 states that a lay witness (i.e. one who "is not testifying as an expert") may offer an opinion if it is

> (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

That Rule may include a patient's testimony about subjective matters, so long as the testimony is rationally based on his own perceptions, such as symptoms, pain and treatment. Taylor v. Northeast Illinois Regional Commuter R.R. Corp., No. 04C7270, 2008 WL 244303, slip op. at *5-6 (N.D. Ill. 2008). Lay opinions also may include testimony that another person is "depressed", when it is clear to the jury that the witness is using the word as an adjective and not as a clinical or

professional evaluation. <u>Farfaras v. Citizens Bank and Trust of Chicago</u>, 433 F.3d 558, 565-66 (7th Cir. 2006).

In the case now before the Court, there is nothing that will prevent Mr. Shepherd from testifying about such matters as his physical impairments, how they made him feel, and how they limited him. Those observations would be matters within his own perception and thus appropriate under Rule 701. Testimony using the word "depressed," likewise, is not barred outright. In the appropriate context, the Shepherds may use this word to describe John Shepherd. The motion is therefore denied.

MOTION IN LIMINE #8 (DOC. #99)

In the Order denying summary judgment, I found that John Shepherd had no cause of action for anything arising out of his employment with AutoZone that predated his September 12, 2003 accident. AutoZone now seeks to extend that Order to bar all testimony about AutoZone's alleged failure to accommodate Shepherd prior to that date, because the Order made such evidence irrelevant.

The motion is denied. The history of Shepherd's employment at AutoZone and how he was treated before September 13 is or may be relevant to the remaining claims. Any specific issue of relevance may be re-raised at trial.

MOTION IN LIMINE #9 and 10 (DOCS. #100 AND 101)

In this motion, AutoZone asks the court to bar Plaintiff from eliciting any testimony about the medical conditions of John Shepherd's wife and daughter. The motion is denied. Given the EEOC's assertion that John Shepherd has, because of the health problems of his wife and daughter, always been the family's provider, this evidence may be relevant to Shepherd's claim of the

emotional suffering that resulted from the loss of his job. So long as the evidence is not unduly cumulative, it is admissible. The motion is denied.

MOTION IN LIMINE #11 (Doc. #102)

AutoZone asks the Court to bar witness Terry Wilmot from testifying about his daughter's accident, which required him to take family leave, and about any phone calls from Steven Smith during that leave. According to AutoZone, this evidence is irrelevant and prejudicial. The EEOC argues that this testimony is relevant because an individual's effort to cover up a discriminatory course of conduct is probative of the mental state required for punitive damages.

During his deposition, Wilmot testified to the following. First, he was pressured by Smith to issue disciplinary write-ups to John Shepherd in an effort to create a basis for discharging him. Wilmot testified that he attempted to resist those efforts. Then, while he was on leave, Smith told him that he must step down from store manager to parts service manager and required him to write a note requesting this "voluntary" demotion.

In Bruso, the Seventh Circuit noted that proof that employees lied, either to the plaintiff or to the jury, satisfies the requirement of showing the mental state necessary to send the punitive damages issue to the jury. 239 F.3d at 858-59. Wilmot's testimony about the pressure placed on him to discipline Shepherd and about his "voluntary" demotion falls within the parameters of Bruso. It is entirely unnecessary, however, for there to be any testimony about Wilmot's daughter's accident or hospitalization.

As stated, the motion in limine is granted in part and denied in part.

MOTION IN LIMINE #12 (Doc. #103)

AutoZone moves to bar Dr. Mark Katchen from testifying about Shepherd's inability to reproduce, arguing that any such testimony by Katchen fails to meet the standards set out in <u>Daubert v. Merrell Dow Phar. Inc.</u>, 509 U.S. 579 (1993). AutoZone asserts that Dr. Katchen is not qualified to offer testimony about reproductive sciences.

Dr. Katchen, John Shepherd's primary treating physician, is a board certified neurologist. A neurologist is certainly qualified to offer opinions about pain that certain physical movements would cause pain. Katchen has opined that, "my experience with patients, both pain patients or patients who have limitations because of movement, has been that , yeah, it interferes with coitus."

If Katchen's testimony were the only evidence of Shepherd's problems, perhaps the outcome would be different, because his testimony would have to prove the fact. But it is not the only evidence, so his testimony need only be relevant, and it is relevant. Dr. Katchen is qualified to give his opinion about whether Shepherd's pain in some way contributed to cause an inability to reproduce. The motion is denied.

## CONCLUSION

Motions #92, 93, 96, 98, 104, and 105 are granted. Motions #94, 95, 97, 99 and 103 are denied in their entirety. Motions #100 and 101 are granted as stated herein. Motion #102 is granted in part and denied in part.

ENTERED ON June 29, 2009

                             s/ John A. Gorman

                             JOHN A. GORMAN
                             UNITED STATES MAGISTRATE JUDGE