IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 07 C 1154 |
| v. | ) ) | Magistrate Judge Gorman |
| AUTOZONE, INC. | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF EEOC'S MOTION TO EXCLUDE TESTIMONY, REMARKS,
AND QUESTIONS CONCERNING UNPLED AFFIRMATIVE DEFENSE**

After the conclusion of the final pre-trial conference in this action, the Plaintiff United States Equal Employment Opportunity Commission ("EEOC") learned that Defendant Autozone, Inc. ("Autozone") may take the position that John Shepherd ("Shepherd") was not qualified for the position of Parts Sales Manager because his disability would have placed him at risk of injuring himself on the job.  Arguments, testimony, questions, and remarks to that effect should be barred as such a contention is an affirmative defense that has not been pled.

An employer may demonstrate that an individual is not qualified within the meaning of the ADA if the individual presents a direct threat to his or her own health or safety or that of others that cannot be eliminated by reasonable accommodation.  See Bekker v. Humana Health Plan, Inc., 229 F.3d 662, 670 (7th Cir. 2000); see also 42 U.S.C. § 12111(3).  Moreover, "[t]he determination that [an individual] poses a direct threat must be premised upon a reasonable medical judgment that relies on the most current medical knowledge and/or the best available objective evidence, and upon an expressly individualized assessment of the individual's present

1

ability to safely perform the essential functions of the job." Darnell v. Thermafiber, Inc., 417 F.3d 657, 660 (7th Cir. 2005); see also 29 C.F.R. § 1630.2(r).

However the existence of a direct threat is an affirmative defense: "[I]t is the employer's burden to show that an employee posed a direct threat to workplace safety that could not be eliminated by a reasonable accommodation." Branham v. Snow, 392 F.3d 896, 906 (7th Cir. 2004) (internal citations and quotation marks omitted).

Since Autozone has not pled this affirmative defense, it is waived.[1]  Accordingly, questions, arguments, remarks and testimony suggesting that Shepherd was unqualified because his disability posed a threat to his health or safety or that of other persons should be barred at trial.

June 30, 2009                                     Respectfully submitted,

                                                  s/  Justin Mulaire
                                                  Trial Attorney
                                                  U.S. Equal Employment Opportunity Commission
                                                  500 W. Madison St., Ste. 2000
                                                  Chicago, IL  60661
                                                  312-353-7722
                                                  bar ID number:  4311031

---

[1] Moreover, the basis for such an affirmative defense has not been disclosed in Autozone's interrogatory answers, and thus evidence pursuant to such a defense should also be barred pursuant to Fed.R.Civ.P. 37.