IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 07 C 1154 |
| v. | ) ) | Magistrate Judge Gorman |
| AUTOZONE, INC. | ) ) | |
| Defendant. | ) ) ) | |

<u>**MOTION IN LIMINE - #4**</u>

**MOTION TO EXCLUDE TESTIMONY REGARDING JOHN
SHEPHERD'S INABILITY TO SEXUALLY REPRODUCE**

NOW COMES Defendant, AUTOZONE, INC., by and through its attorneys, JOHNSON &
BELL, LTD., and hereby move this Honorable Court for the entry of an Order, *in limine*, excluding
any testimony, remarks, questions, items of evidence, or arguments referencing John Shepherd's
alleged inability to engage in sexual intercourse and reproduce and defendant's alleged failure to
accomodate that alleged disability, from the courtroom during trial.

**There is No Causal Connection Between Shepherd's Alleged Inability
to Reproduce and any Accommodation Sought From AutoZone**

The Supreme Court has ruled that sexual *reproduction* is a major life activity. *Bragdon v.
Abbott*, 524 U.S. 624, 638-39, 118 S. Ct. 2196, 141 L. Ed. 2d 540 (1998). However, this court has
not included engaging in *sexual relations* within the same category as being a major life activity
and clearly differentiates between the two. *See Scheerer v. Potter*, 443 F.3d 916, 921 (7th Cir.
2006). Plaintiff must put forth sufficient evidence of his limitation before a court can consider it to
be a relevant claim. *Squibb v. Mem'l Med. Ctr.*, 497 F.3d 775, 785 (7th Cir. 2007); *see also,*

*Contreras v. Suncast Corp.*, 237 F.3d 756, 764 (7th Cir. 2001) (holding that plaintiff did not substantiate his claim of sexual difficulties with any documentation or testimony beyond a general assertion that the frequency with which he had relations had decreased). The Seventh Circuit has previously held that a plaintiff's own conclusory assertion of a reduced ability to engage in intercourse is insufficient to create a genuine issue of triable fact. *Contreras*, 237 F.3d at 764.

In *Squibb*, the court found the plaintiff's claim that she was unable to engage in sexual activity to be deficient. *Squibb*, 237 F.3d at 786-87. Although her own deposition testimony stated that she had been unable to engage in sexual relations for two years due to her back pain, she provided no other evidence of her claimed sexual limitation. *Id.* at 785. The court found this to be insufficient evidence to create a genuine issue of triable fact.

In Scheerer, the court made the distinction between a failure to reproduce and a limited ability to engage in sexual activity due to pain and erectile dysfunction. Similar to Shepherd, the plaintiff in Sceerer complained of reduced sexual drive and difficulty in obtaining erections. (See Shepherd Declaration, ¶ 7). The court in Scheerer went on to state:

> "the [plaintiff's] complaint is limited reduced sexual activity, untethered to impairments in sexual reproduction. This alone may be fatal to his claim because this court has not recognized lowered sexual drive or impotence as the types of disruptions than can amount to a disability under the ADA or the Rehabilitation Act." *Scheerer, 443 F.3d at 916, citing Contreras*, 237 F.3d at 764 n.6. In *Contreras*, we recognized that severe limitations in the ability to engage in sexual activity *for the purposes of reproduction* (such as when an HIV-positive individual refrains from sexual activity because of fear of transmission to an off-spring) could amount to an impairment of a major life activity in certain circumstances. But in *Contreras* we specifically distinguished that type of scenario from one in which the plaintiff is merely complaining of a change in the frequency with which he can engage in intercourse, without showing any significant impact on his ability to reproduce. Thus, the type of impairment that Scheerer raises here--namely, reduction in sexual desire and erectile dysfunction-- does not significantly limit his capacity to reproduce, and therefore is not likely to be a substantial limitation in the major life activity of reproduction.

*See Scheerer,* 443 F.3d at 916; *Bragdon*, 524 U.S. 624, 118 S. Ct. 2196. Similar to the plaintiffs in *Squibb* and *Scheerer*, Shepherd has put forth no evidence, other than his own self serving statements that pain has limited his ability to engage in sexual intercourse and to maintain an erection. Under the above analysis by the Seventh Circuit Court of Appeals, Shepherd's assertions are simply not sufficient to establish that he is limited in the ability to reproduce. Although Dr. Katchen testified that in his experience, pain can limit coitus or make it difficult, he makes no mention of plaintiff being unable to reproduce. *See* (Katchen Dep. p. 61). The fact that Shepherd claims that engaging in intercourse is difficult or painful does not mean that he is incapable of sexual reproduction. Accordingly, the evidence presented by Shepherd regarding an alleged inability to reproduce is insufficient and he should be barred from referencing it at trial.

More importantly, Shepherd should be barred from asserting that AutoZone failed to accommodate his alleged inability to reproduce. There is simply no evidence of a causal connection between Shepherd's alleged inability to reproduce and any accommodation sought from AutoZone. In fact, the Seventh Circuit has held that it is unclear in what manner a plaintiff's employer would *accommodate* a disability that restricted a plaintiff's ability to reproduce. *Scheerer*, 443 F.3d at 921. To the extent an ADA discrimination claim centers on a request for a workplace accommodation, Seventh Circuit precedent requires there be some causal connection between the major life activity that is limited and the accommodation sought. *Squibb*, 237 F.3d at 785 (citing *Nuzum v. Ozark Auto. Distribs., Inc.*, 432 F.3d 839, 848 (8th Cir. 2005)).

It is unimaginable as to how Shepherd would assert that AutoZone failed to accommodate his inability to reproduce. Perhaps that is the reason no evidence has been offered to support that contention. Shepherd cannot, in good faith, assert that AutoZone failed to accommodate his alleged inability to reproduce because there is no causal connection between the two. Furthermore,

the Seventh Circuit Court of Appeal's opinion overturning this court's order of summary judgment makes no mention or reference to coitus or sexual reproduction as its basis for reversal. Accordingly, that subject matter is not relevant to the issues before this court.

WHEREFORE, Defendant, AUTOZONE, INC., requests an order, *in limine*, excluding any testimony, remarks, questions, items of evidence, or arguments referencing plaintiff's alleged inability to reproduce and defendant's alleged failure to accommodate that alleged disability, from the courtroom during trial.

By:   /s/ Joseph F. Spitzzeri
        Joseph F. Spitzzeri
        Attorneys Autozone, Inc.

Joseph F. Spitzzeri
Christopher J. Carlos
JOHNSON & BELL, LTD.
33 W. Monroe Street, #2700
Chicago, Illinois 60603
312/372-0770