IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 07 C 1154 |
| v. | ) ) | Magistrate Judge Gorman |
| AUTOZONE, INC. | ) ) ) | |
| Defendant. | ) ) | |

### MOTION IN LIMINE - #8

### MOTION TO EXCLUDE TESTIMONY REGARDING ANY ALLEGED ADVERSE EMPLOYMENT ACTION BY AUTOZONE AGAINST JOHN SHEPHERD OUTSIDE THE TIME PERIOD OF MARCH THROUGH SEPTEMBER 12, 2003

NOW COMES Defendant, AUTOZONE, INC., by and through its attorneys, Joseph F. Spitzzeri and Christopher J. Carlos of JOHNSON & BELL, LTD., and hereby moves this Honorable Court for the entry of an Order, *in limine*, excluding any testimony, remarks, questions, items of evidence, or arguments referencing any adverse employment action taken by AutoZone against John Shepherd outside of March - September 12, 2003.

### Any Allegation Regarding AutoZone's Adverse Employment Actions Against John Shepherd Outside of March - September 12, 2003 is Irrelevant

The Federal Rules of Evidence make very clear that only relevant evidence shall be admitted at trial, and all irrelevant testimony will be excluded. Rule 402 of the Federal Rules of Evidence clearly states "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Relevant evidence is defined as "evidence having any

tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The question of whether evidence is relevant is one based in experience and logic. *Id.* According to the decisions of the Seventh Circuit, a trial court possesses broad discretion in determining the relevance of proffered evidence, and its decision will not be disturbed on appeal absent a clear showing that the court abused its discretion. *United States v. Green*, 735 F.2d 1018, 1026 (7th Cir. 1984); *United States v. Solomon*, 688 F.2d 1171, 1178 (7th Cir. 1982).

Prior to the trial in this matter, AutoZone filed a Motion for Summary Judgment raising many arguments, including that John Shepherd was not a qualified individual with a disability as defined by the Americans with Disabilities Act for the time period prior to his September 12, 2003 injury. In a June 16, 2009 order on AutoZone's Motion for Summary Judgment, this court found that John Shepherd failed to establish a prima facie case against AutoZone for a failure to accommodate during the time period of March - September 12, 2003. (See this Court's June 16, 2009 order, p. 25-26, attached as Exhibit 1).

On September 28 -30, 2009, the parties in this matter participated in a jury trial on all remaining issues. Specifically, the issues addressed at trial were all allegations made by the EEOC relative to adverse employment action taken by AutoZone against Shepherd after September 12, 2003. On September 30, 2009, a jury ruled in favor of Defendant AutoZone on all claims. This court entered a Judgment order confirming the jury's findings on October 1, 2009. (A copy of the Judgment Order is attached as Exhibit 2).

Following trial, the EEOC filed a post trial motion to Amend the Judgment and for a new trial on the reasonable accommodation claim for the period of March through September 12, 2003. This motion was denied in a December 14, 2009 order authored by this court. (A copy of the December 14, 2009 order is attached as Exhibit 3).

The EEOC then appealed this court's December 14, 2009 order. The Seventh Circuit Court of Appeals reversed this court's opinion finding that the EEOC did establish a prima facie case for its reasonable accommodation claim for the time period of March through September 12, 2003. It remanded the matter back to this court for further proceedings consistent with its findings. (A copy of the 7th Circuit opinion is attached as Exhibit 4).

As a result of these findings, any testimony or reference to any alleged failure by AutoZone or its employees to accommodate Shepherd outside of the time period of March through September 12, 2003 is irrelevant to this matter and will only serve to unfairly prejudice AutoZone. Reference to any alleged adverse employment action taken by AutoZone against plaintiff outside of March through September 12, 2003 is irrelevant as it carries no probative value as to the determination whether AutoZone failed to accommodate Shepherd during the relevant time period. Furthermore, a jury has already decided all allegations of adverse employment action by AutoZone against Shepherd after September 12, 2003. Similarly, any references to conversations by and between AutoZone employees (specifically Steve Smith or Steven Thompson) or AutoZone employees and JOHN SHEPHERD or TERRY WILMOT relative to accommodating JOHN SHEPHERD outside of the March through September 12, 2003 time period are irrelevant and should be barred.

3

WHEREFORE, Defendant, AUTOZONE, INC., requests an order, *in limine*, excluding any testimony, remarks, questions, items of evidence, or arguments referencing Defendant's alleged failure to accommodate Plaintiff outside the time period of March through September 12, 2003, from the courtroom during trial.

By: /s/ Joseph F. Spitzzeri
Joseph F. Spitzzeri
Attorneys Autozone, Inc.

Joseph F. Spitzzeri
Christopher J. Carlos
JOHNSON & BELL, LTD.
33 W. Monroe Street, #2700
Chicago, Illinois 60603
312/372-0770