IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 07 C 1154 |
| v. | ) ) | Magistrate Judge Gorman |
| AUTOZONE, INC. | ) ) ) | |
| Defendant. | ) ) ) | |

### MOTION IN LIMINE - #9

### PLAINTIFF MAY NOT ELICIT TESTIMONY REGARDING THE MEDICAL CONDITION OF BRITNEY SHEPHERD

NOW COMES Defendant, AUTOZONE, INC., by and through its attorneys, Joseph F. Spitzzeri and Christopher J. Carlos of JOHNSON & BELL, LTD., and hereby moves this Honorable Court for the entry of an Order, *in limine,* prohibiting the Plaintiff and its respective counsel, all attorneys of record, as well as all witnesses and parties to this lawsuit, from using any testimony, remarks, questions, items of evidence, or arguments which might require any testimony or offer of evidence regarding the medical condition of BRITNEY SHEPHERD to the jury.

The relevant issues in this case focus on John Shepherd's alleged disability, AutoZone's duty to reasonably accommodate his alleged disability, and whether AutoZone reasonably accommodated his alleged disability during his course of employment with AutoZone between March and September 12, 2003. BRITNEY SHEPHERD is not a charging party to this case and never has been. Her medical condition is irrelevant and allowing testimony regarding the same would only serve to prejudice AutoZone and invoke sympathy from a jury.

During her deposition, SUSAN SHEPHERD referenced the fact that her daughter has a kidney disease and that she stays home to care for her daughter. (Susan Shepherd Dep. p. 5:13-17). This testimony is not only irrelevant, it is also a violation of Rule 701 and 702 of the Federal Rules of Evidence which prohibits lay witnesses from offering testimony regarding scientific, technical or other specialized knowledge without adequate skill, experience, training or education.

The Federal Rules of Evidence makes very clear that only relevant evidence shall be admitted at trial, and all irrelevant testimony will be excluded. Rule 402 of the Federal Rules of Evidence clearly states "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *See* Fed. R. Evid. 401. The question of whether evidence is relevant is one based in experience and logic. Fed. R. Evid. 402 advisory committee's note. Reference to the medical condition of BRITNEY SHEPHERD is irrelevant as it has no probative value and does nothing to assist the trier of fact in making a determination as to the ultimate issues in this case. It would, however, be highly prejudicial to AutoZone. The only foreseeable basis for offering this testimony would be to invoke sympathy from a jury and distract it from the ultimate issues at hand.

Additionally, if a witness is not testifying as an expert, testimony based on scientific, technical other specialized knowledge within the scope of Rule 702 is prohibited. Fed. R. Evid. 701. In order to express an opinion, the witness must possess some experience or expertise beyond that of the average, randomly selected adult. *Industrial Hard Chrome, Ltd. v. Hetran, Inc.*, 92 F. Supp. 2d 786, 791 (N.D. Ill. 2000).

Neither JOHN SHEPHERD nor his wife SUSAN SHEPHERD, or any lay witness in this matter has any specialized knowledge, skill, experience, training or education in medicine. Allowing any lay witness to offer testimony diagnosing or even referencing BRITNEY SHEPHERD'S medical condition at any time relevant to this proceeding would fly in the face of the Federal Rules of Procedure and constitute an unfair prejudice to AutoZone. *See* Fed. R. Evid. 702.

WHEREFORE, Defendant, AutoZone, Inc. respectfully request this court for the entry of an Order, *in limine*, prohibiting the Plaintiff and its respective counsel, all attorneys of record, as well as all witnesses and parties to this lawsuit, from using any testimony, remarks, questions, items of evidence, or arguments which might require any testimony or offer of evidence regarding the medical condition of BRITNEY SHEPHERD to the jury.

By: /s/ Joseph F. Spitzzeri
Joseph F. Spitzzeri
Attorneys for AutoZone, Inc.

Joseph F. Spitzzeri
Christopher J. Carlos
JOHNSON & BELL, LTD.
33 W. Monroe Street, #2700
Chicago, Illinois 60603
312/372-0770