IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 07 C 1154 |
| v. | ) ) | Magistrate Judge Gorman |
| AUTOZONE, INC. | ) ) ) | |
| Defendant. | ) ) | |

**EEOC MOTION IN LIMINE # 3**

**MOTION TO EXCLUDE EVIDENCE OF 2004-2005 EEOC CHARGES
AND CERTAIN OTHER LEGAL PROCEEDINGS**

Plaintiff, Equal Employment Opportunity Commission ("EEOC"), hereby moves this Court for the entry of an Order, in limine, excluding all testimony, remarks and/or questions concerning: (1) two charges of discrimination filed by John Shepherd in 2004 and 2005 against Autozone alleging violations not at issue in this trial; (2) the occurrence of the first trial and verdict in this action; (3) Shepherd's administrative proceeding against Autozone before the Illinois Workers Compensation Commission; and (4) the fact of Shepherd's applications to the Social Security Administration for disability benefits and supplemental security income or benefits received as a result of those applications.[1] This evidence should be barred as it has no probative value for the questions to be decided by the jury at the upcoming trial and would be offered solely for its prejudicial effect.[2]

---

[1] The Court has already held that the findings of the Social Security Administration are not admissible as evidence in this action. See Trial Tr. 436-38. As that ruling is the law of the case, the EEOC does not address the matter further herein.

[2] To the extent a party cannot avoid referring to one of these events, for example, in connection with introducing earlier testimony to impeach a witness, the EEOC requests that the parties be directed to refer to these generically as

## I. EVIDENCE OF TWO CHARGES OF DISCRIMINATION FILED AGAINST DEFENDANT WHICH DID NOT GIVE RISE TO THE CLAIM IN THIS TRIAL SHOULD BE EXCLUDED

The administrative charge of discrimination that provides the jurisdictional basis for the claim at issue in this trial was filed with the EEOC on October 15, 2003.[3] Subsequent to that charge, Shepherd filed two other charges of discrimination against Defendant: 1) a July 2, 2004 charge alleging that Defendant retaliated against him for engaging in protected activity; 2) a March 4, 2005 charge alleging that he was unlawfully terminated. These two charges were the bases for EEOC's claims of retaliation and termination that were resolved at the first trial.

The allegations of the two subsequent charges of discrimination are not at issue at this trial and should therefore not be presented to the jury. *See e.g.*, *Churney v. Village of Downers Grove*, 122 F.Supp.2d 921, 922 (N.D. Ill. 2000) (plaintiff's sex discrimination charge against the defendant was not admissible in a subsequent and related retaliation action). Any discussion of these other charges could confuse the jury as to what the issues in this trial are.

Moreover, if this court were to allow the jury to learn of the allegations included in these charges, it would require the parties to spend time arguing to the jury about the significance and relevance of these collateral allegations.

Defendant may also seek to introduce evidence of these other charges solely to raise the impression that Shepherd is litigious. Under FED.R.EVID. 404(b), evidence of Shepherd's other charges of discrimination are not admissible to show his propensity to file discrimination complaints. Any possible probative value of these charges is far outweighed by the prejudicial effect on the jury. "A plaintiff's litigiousness may have some slight probative value, but that

---

"earlier proceedings" or "another proceeding": E.g., "Do you recall giving sworn testimony at an earlier proceeding in this courtroom...."

[3] It is undisputed that the EEOC has satisfied all prerequisites to suit in this action. *See* Stipulation, ECF Doc. 119, No. 6.

value is outweighed by the substantial danger of jury bias against the chronic litigant." *Mathis v. Phillips Chevrolet, Inc.*, 269 F.3d 771, 776 (7th Cir. 2001) (*quoting Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir. 1988)). In *Mathis*, the Seventh Circuit affirmed the district court's exclusion of evidence regarding the plaintiff's similar lawsuits against other car dealerships on FRE 404 grounds. As such, Defendant should not be permitted to portray the current lawsuit — which was filed by the EEOC following its own investigation of this matter — as an act in conformity with a litigious character.

## II. THE OCCURRENCE OF THE FIRST TRIAL AND THE EARLIER JURY'S VERDICT SHOULD BE EXCLUDED

The jury should also not hear any remarks, questions, or evidence which reveals that an earlier trial occurred in this action or which discloses the earlier jury's verdict.[4] The first trial involved allegations that Autozone unlawfully terminated Shepherd in 2004 after he was placed on medical leave. The first jury concluded that Shepherd could no longer perform the essential functions of his job as of January 2004. This second trial is concerned with whether Autozone failed to provide a reasonable accommodation for Shepherd while he was actually working at the company in 2003. As such, the result of the first trial did not decide any fact at issue in this trial.

Moreover, this information should be excluded because it is more prejudicial than it is probative. Courts acknowledge that introducing evidence of the results of related trials could unfairly prejudice the jury. *E.g., Fisher v. Krajewski*, 873 F.2d 1057, 1061-64 (7th Cir. 1989) (affirming decision to exclude the existence of a decision in related case because it "would have usurped the jury's freedom to assess the credibility of each and every witness"); *Coleman Motor Co. v. Chrysler Corp.,* 525 F.2d 1338 1351 (3rd Cir. 1975) (noting that a "jury is likely to give a

---

[4] EEOC is not suggesting that the testimony at the first trial itself be excluded from this trial if it is otherwise admissible, for example for impeachment purposes. EEOC merely requests that the parties be precluded from informing the jury that such testimony took place at the first trial.

prior verdict against the same defendant more weight than it warrants"). Consequently, evidence of the first trial and/or verdict is more prejudicial to the jury than it is probative and should therefore be excluded from the trial.

## III. SHEPHERD'S WORKERS COMPENSATION CASE AGAINST AUTOZONE AND SOCIAL SECURITY APPLICATIONS SHOULD BE EXCLUDED

The jury should also not hear any remarks, questions, or evidence which reveals that Shepherd brought a workers compensation claim against Autozone or filed applications for Social Security Disability and Supplemental Security Income benefits after September 12, 2003, or that Shepherd received workers compensation or Social Security benefits as a result of those proceedings. These matters are plainly of no probative value to the questions to be put to the jury at the upcoming trial. Informing the jury of these matters would be unfairly prejudicial and would present a risk of confusion of the issues, and would serve as improper evidence that Shepherd is unduly litigious — a suggestion that is undermined by the fact that Shepherd prevailed in both of those proceedings.

Lastly, prior to the first trial in this action, the Court granted Defendant's Motion in Limine #13, which sought to exclude references to any and all prior and pending lawsuits and claims against Autozone. The rationale for that motion is substantially similar to the arguments raised here, and this Court should similarly grant EEOC's motion in its entirety.[5]

---

[5] EEOC did not oppose Defendant's Motion in Limine #13.

WHEREFORE, EEOC requests an order, *in limine*, barring the testimony, remarks and/or questions concerning other charges of discrimination filed by John Shepherd against Defendant that did not give rise to this trial as well as evidence of the first trial or verdict.

April 15, 2011                    Respectfully submitted,

s/ Justin Mulaire
Trial Attorney
U.S. Equal Employment Opportunity Commission
131 M St. NE
Washington, DC  20507
202-663-4741
bar ID number:  4311031

Aaron R. DeCamp
Trial Attorney
Equal Employment Opportunity Commission
500 W. Madison St., Ste. 2000
Chicago, IL  60661
312-869-8106