IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 07 C 1154 |
| v. | ) ) | Magistrate Judge Gorman |
| AUTOZONE, INC. | ) ) | |
| Defendant. | ) ) ) | |

**EEOC MOTION IN LIMINE #4**

**MOTION TO EXCLUDE EVIDENCE OF MEDICAL
CONDITION AND QUALIFICATIONS AFTER 2003**

The EEOC hereby moves this Court for the entry of an Order, *in limine*, excluding all testimony, remarks and/or questions concerning John Shepherd's medical condition or ability to perform the functions of Parts Sales Manager on or after January 1, 2004, as it is irrelevant to the matters at issue in this trial and is more prejudicial than it is probative.

There are three issues at this trial: 1) whether Shepherd was a qualified individual with a disability in 2003; (2) whether his physical limitations were known to Autozone in 2003; and (3) whether Autozone nevertheless failed to reasonably accommodate those limitations in 2003. Shepherd's physical or mental health after 2003 is not relevant to these questions. *E.g., Cameron v. Navistar Int'l. Trans. Corp.*, 39 F.Supp.2d 1040, 1046 (N.D.Ill. 1998) (medical records pertaining to the plaintiff-employee's medical condition after he was allegedly unlawfully terminated could not be used to demonstrate that he was disabled at the time of his termination).

Moreover, the details of Shepherd's medical condition or ability to perform the functions

1

of the Parts Sales Manager job after 2003 would only serve to confuse the issues or mislead the jury.  FRE 403.  In the years after 2003, Shepherd experienced various additional medical problems, such as depression or absent-mindedness, but many of these occurred years later, and there is no evidence that Shepherd experienced those problems in 2003.  If the jury is presented with this evidence, it may place weight on Shepherd's later medical condition, rather than focusing on his qualifications and disability as they existed in 2003.

The only issues that arguably involve matters in 2004 or beyond have been resolved by the parties.  As outlined in EEOC Motion in Limine #2, the EEOC has withdrawn its claim for compensatory damages for all periods of time after 2003. The elimination of the claim for pain and suffering or emotional distress damages after 2003 also eliminates any probative value medical evidence from 2004 and later might have had to this trial.

WHEREFORE, the EEOC requests an Order, *in limine*, barring the testimony, remarks and/or questions concerning John Shepherd's medical condition and/or his ability to perform his job at Autozone after 2003.

April 15, 2011                                   Respectfully submitted,

                                                 s/ Justin Mulaire
                                                 Trial Attorney
                                                 U.S. Equal Employment Opportunity Commission
                                                 131 M St. NE
                                                 Washington, DC  20507
                                                 202-663-4741
                                                 bar ID number:  4311031

                                                 Aaron R. DeCamp
                                                 Trial Attorney
                                                 Equal Employment Opportunity Commission
                                                 500 W. Madison St., Ste. 2000
                                                 Chicago, IL  60661
                                                 312-869-8106