IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 07 C 1154 |
| v. | ) ) | Magistrate Judge Gorman |
| AUTOZONE, INC. | ) ) | |
| Defendant. | ) ) ) | |

**EEOC MOTION IN LIMINE # 5**

**MOTION TO EXCLUDE EVIDENCE REGARDING REASONS FOR SHEPHERD'S TERMINATION FROM PREVIOUS EMPLOYMENT**

Plaintiff, United States Equal Employment Opportunity Commission ("EEOC"), hereby moves this Court for the entry of an Order, *in limine*, excluding all testimony, remarks and/or questions concerning reason(s) prior employers may have had for terminating John Shepherd's employment prior to working at Autozone.

In its opening statement at the first trial, Autozone argued that Shepherd was terminated from his previous employer, Zeta Consumer Products ("Zeta"), because "he was a hindrance to them." *See* Trial Tr. 21:19-22:3. In addition, Autozone alleged that Shepherd was not hired on a permanent basis by Midwest Control Products ("Midwest") "because he had flare-ups there" and that Shepherd was fired from Wayland Manufacturing ("Wayland") because he had flare-ups in his back.[1] *Id*. at pp. 21-22. Shepherd left each of these employers prior to starting work at Autozone in 1998.

The reason(s) for which Shepherd may have been terminated by another employer

---

[1] In its opening statement, Autozone claimed that Mr. Shepherd was not *hired* by Midwest because he had a flare-up in his back. EEOC believes Autozone intended to say that he was fired from Midwest for this reason.

1

(especially for a termination years prior to starting at Autozone) is not relevant and there is no evidentiary basis for thinking that it would be probative of his ability to perform the essential functions of his job at Autozone. Under Section 101(8) of the ADA, 42 U.S.C. § 12111(8), "the term 'qualified individual with a disability' means an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." Under the ADA, whether an employee is a qualified individual requires an individual inquiry for the position in question, not other positions (with different employers) whose essential functions are unknown to the jury.

Virtually no evidence about other employers' opinions or the basis for those opinions is actually available for the jury to consider. The only evidence of the opinions of Shepherd's former employers that was actually elicited at trial by Autozone was a few brief comments from Shepherd himself. *See* Trial Tr. 134:21-135:16. No employees of Zeta, Midwest or Wayland have been disclosed as witnesses in this case in Autozone's Rule 26(a) disclosures or otherwise.

Admitting such information into evidence would distract and confuse the jury from the actual issues in this case, and any probative value it may have is clearly outweighed by the danger of unfair prejudice. FED.R.EVID. 403. Since the evidence plainly has little or no probative value for assessing Shepherd's qualifications for the Parts Sales Manager job at Autozone, the main effect of this evidence is to leave the jury with the generalized impression that Shepherd's disability renders him unemployable. Asking the jury to depart from the job-specific inquiry that the ADA envisions is improper and unfairly prejudicial to the EEOC's claim.

WHEREFORE, EEOC requests an Order, *in limine*, barring the testimony, remarks and/or questions concerning reason(s) prior employers may have had for terminating John

Shepherd from employment prior to working at Autozone.

April 15, 2011                    Respectfully submitted,

                                  s/ Justin Mulaire
                                  Trial Attorney
                                  U.S. Equal Employment Opportunity Commission
                                  131 M St. NE
                                  Washington, DC  20507
                                  202-663-4741
                                  bar ID number:  4311031

                                  Aaron R. DeCamp
                                  Trial Attorney
                                  Equal Employment Opportunity Commission
                                  500 W. Madison St., Ste. 2000
                                  Chicago, IL  60661
                                  312-869-8106