E-FILED
Monday, 06 June, 2011 01:39:03 PM
Clerk, U.S. District Court, ILCD

| Instruction | Plaintiff's Instruction | Defendant's Instruction | Description | Comments |
|---|---|---|---|---|
| | | | **GENERAL, CAUTIONARY, AND IN-TRIAL INSTRUCTIONS** | |
| 1 | | | CA7 1.01 Functions of court and jury | ✓ line |
| 2 | | | CA7 1.02 No inference from judge's question | ✗ Needed WB |
| 3 | | | CA7 1.03 All litigants equal | ✗ line WB |
| 4 | | | CA7 1.04 Evidence | ✓ |
| 5 | | | CA7 1.05 Deposition testimony | ✓ |
| 6 | | | CA7 1.06 What is not evidence | ✓ |
| 7 | | | CA7 1.07 Note taking | ✓ |
| 8 | | | CA7 1.08 Consider all evidence regardless of who produced it | ✓ |
| 9 | | | CA7 1.09 Limited purpose of evidence | if needed WB |
| 10 | | | CA7 1.11 Weighing evidence | ✓ line |
| 11 | | | CA7 1.12 Direct and Circumstantial evidence | ✓ |
| 12 | | | CA7 1.13 Deciding what testimony to believe | ✓ |
| 13 | | | CA7 1.14 Prior inconsistent statements/acts | Needed - possibly re-brackets |
| 14 | | | NONE TENDERED | |
| 15 | | | CA7 1.16 Lawyer interviewing witness | ✓ line |
| 16 | | | CA7 1.17 Number of witnesses | ✓ line |
| 17 | | | CA7 1.18 Absence of evidence | needed? no |
| 18 | | | CA7 1.19 adverse inference from missing witness | if needed??? |

| Joint Instruction | Plaintiff's Instruction | Defendant's Instruction | Description | Comments |
|---|---|---|---|---|
| 19 | | | CA7 1.21 Expert Witness | ✓ give — Fit Spelling |
| 20 | | | CA7 1.23 Summaries | Autozone has objected to the summary exhibit (Plaintiff's Exb-33). The objection was overruled but with leave to reraise at trial. If the summary is presented to the jury, both parties agree this is the proper instruction. -Also, if this instruction is given, make sure it prints correctly. The instruction submitted contained a link or code that created a problem with printing. |
| 21 | | | CA7 1.27 Burden of Proof | ✓ give |
| 22 | | | CA7 1.31 No liability, no damages | ✓ |
| 23 | | | CA7 1.32 Selection of presiding juror; general verdict | ✓ |
| 24 | | | CA7 1.33 Communication with Court | ✓ give |
| 25 | | | CA7 1.34 Disagreement among jurors | |
| 26 | | | CA7 2.10 Cautionary instruction before recess | IN TRIAL INSTRUCTION |
| 27 | | | CA7 2.02 In-trial instruction on news coverage | IN TRIAL INSTRUCTION. Give only if media covers trial. Note: Court will be given at the beginning of the trial and again during instructions. Last paragraph is incomplete - if given, add concluding words |
| 27A | | CA7 2.05 Stipulations of Fact | | NOTE: THIS WAS TENDERED AS A SECOND 127. The two instructions are different. THIS ONE HAS BEEN RENUMBERED AS 27A SO THERE ARE NOT TWO INSTRUCTIONS NUMBERED THE SAME Query: are there stipulations that will be read to the jury? If not, this is not needed. |

| Joint Instruction | Plaintiff's Instruction | Defendant's Instruction | Description | Comments |
|---|---|---|---|---|
| 28 | | | CA7 2.08 Deposition as substantive evidence | IN TRIAL INSTRUCTION, given immediately before reading/showing of each deposition. Needs names of witnesses inserted: Jacquelyn Moore, Susan Shepherd, Steven Smith, Steven L. thompson, and Karen Miller Brown. Also, see 129 below as to Karen Miller Brown; are both instructions needed as to her? |
| 29 | | | CA7 2.09 Use of 30b6 testimony | IN TRIAL INSTRUCTION. See 129 re: Karen Miller Brown |
| 30 | | | CA7 2.14 Judge's comments to lawyer | Not Needed |

| Joint Instruction | Plaintiff's Instruction | Defendant's Instruction | Description | Comments |
|---|---|---|---|---|
| | | | **SUBSTANTIVE INSTRUCTIONS** | |
| 31 | P32 | D32 | CA7 4.01 Nature of ADA claim and defense | true |
| | | | Elements of Plaintiff's claim for reasonable accommodation | See Court's 3 — true true oby |
| 33 | | | CA7 4.04 Definition of Disability | true true |
| 34 | | | CA7 4.05 Definition of Qualified | true true |
| 36 | P35 | D35 | CA7 4.06 Reasonable Accommodation: General Instruction | P35 includes "essential functions"; not necessary because that is included in the definition of "qualified" and "accommodate." P35 adds "the elimination or modification of non-essential job functions" to the list of examples of reasonable accommodations. This duplicates the instruction in J36 so is not necessary. D35 should be given. For clarity, however, perhaps language from J36 should be added to the end of D35, rather than giving J36 as a separate instruction. |
| 36 | | | CA7 4.07 Reasonable accommodation: supplemental instructions on specific accommodation issues | Combine J36 D35, J36A / true — See comments at P35/D35 above. |
| 36A | | | CA7 4.07(b) | NOTE: THIS WAS TENDERED AS A SECOND J36. IT IS RENUMBERED AS 36A SO THERE ARE NOT TWO INSTRUCTIONS NUMBERED THE SAME |
| 37 | | | CA7 4.08 Interactive process | See note b: where there is an issue as to whether the employer was aware of the disability, this instruction should be modified. Also, use of "physical limitations" instead of "disability" is not per pattern. See Court's 6 — true true |
| 38 | | | CA7 3.10 Compensatory damages | . |

| Joint Instruction | Plaintiff's Instruction | Defendant's Instruction | Description | Comments |
|---|---|---|---|---|
| 40 | P39 | D39 | CA7 3.13 and case law: Punitive damages | EEOC objects to giving the "good faith effort to implement an anti-discrimination policy" part of the instruction, and AutoZone objects to giving a punitive damages instruction at all.<br><br>- Punitive damages under the ADA are governed by CA7 3.13; see CA7 4.14. Whether an instruction will be given depends on what if any evidence of "reckless disregard" is produced at trial.<br><br>- P39 includes a claim of "disability discrimination" in addition to the "failure to accommodate claim. That is incorrect.<br><br>- If given, CA7 3.13 with the "good faith effort to implement an anti-discrimination policy" will be given. Neither P39 nor D39 will be given.<br><br>*See Court's 4.*<br><br>Note: Court's 4 originally did not include AutoZone's financial condition, which is a permissible factor to consider. Based on the order on motions in limine, this evidence is admissible, so that factor has been added to Court's 4. . |
| | | | case law: Agency | cf. IPI 108.01; IPI 50.11<br>See *Court's 2*, based on IPI 50.11 |

| Joint Instruction | Plaintiff's Instruction | Defendant's Instruction | Description | Comments |
|---|---|---|---|---|
| | P41 | D41 | *VERDICT FORMS* | D41 includes a separate verdict form in favor of defendant. This is not necessary, as the special verdict form has such an outcome built in. <br>- These two versions of the verdict form track the parties' versions of the issue instructions (P32 and D32). The verdict form should be revised to track CA7 4.15. See Court's 5. <br>-P41 asks if AZ "learned that Shepherd needed an accommodation", while D41 asks if Shepherd "requested an accommodation." Note d to 4.15 allows for the former, so Court's 5 includes the language from P41. <br>- D41 proposed the addition of the question whether AutoZone was aware of Shepherd's physical limitations. That is an appropriate inquiry if part of the claim is that the employer failed to engage in interactive discussions. See CA7 4.08 note b. As far as I know, that is not a claim in this case. Court's 5 does not, therefore, include this question. |

*(Handwritten annotations on the form:)* Use Court's 5 / Yes — No — / Use Court's 5 / Court's 1 five / See Court's 5

Revised @ -21-11

| Joint Instruction | Plaintiff's Instruction | Defendant's Instruction | Description | Comments |
|---|---|---|---|---|
| | | | **GENERAL, CAUTIONARY, AND IN-TRIAL INSTRUCTIONS** | |
| 1 ✗ | | | CA7 1.01 Functions of court and jury | |
| 2 ✗ | | | CA7 1.02 No inference from judge's question | |
| 3 ✗ | | | CA7 1.03 All litigants equal | |
| 4 | | | CA7 1.04 Evidence | |
| 5 | | | CA7 1.05 Deposition testimony | |
| 6 | | | CA7 1.06 What is not evidence | |
| 7 | | | CA7 1.07 Note taking | |
| 8 | | | CA7 1.08 Consider all evidence regardless of who produced it | |
| 9 ✗ | | | CA7 1.09 Limited purpose of evidence | if needed |
| 10 | | | CA7 1.11 Weighing evidence | |
| 11 | | | CA7 1.12 Direct and Circumstantial evidence | |
| 12 | | | CA7 1.13 Deciding what testimony to believe | |
| 13 ✗ | | | CA7 1.14 Prior inconsistent statements/acts | if needed - if given, modify re: brackets |
| 14 ✗ | | | *NONE TENDERED* | |
| 15 | | | CA7 1.16 Lawyer interviewing witness | |
| 16 | | | CA7 1.17 Number of witnesses | |
| 17 ✗ | | | CA7 1.18 Absence of evidence | |
| 18 ✗ | | | CA7 1.19 adverse inference from missing witness | if needed ??? |

| Joint Instruction | Plaintiff's Instruction | Defendant's Instruction | Description | Comments |
|---|---|---|---|---|
| 19 | | | CA7 1.21 Expert Witness | |
| 20 | ✗ | | CA7 1.23 Summaries | -Autozone has objected to the summary exhibit (Plaintiff's Exh. 33). The objection was overruled but with leave to reraise at trial. If the summary is presented to the jury, both parties agree this is the proper instruction. <br>-Also, if this instruction is given, make sure it prints correctly. The instruction submitted contained a link or code that created a problem with printing. |
| 21 | | | CA7 1.27 Burden of Proof | |
| 22 | | | CA7 1.31 No liability, no damages | |
| 23 | | | CA7 1.32 Selection of presiding juror; general verdict | |
| 24 | | | CA7 1.33 Communication with Court | |
| 25 | | | CA7 1.34 Disagreement among jurors | |
| 26 | | | CA7 2.10 Cautionary instruction before recess | IN TRIAL INSTRUCTION |
| 27 | ✗ | | CA7 2.02 In-trial instruction on news coverage | IN TRIAL INSTRUCTION. Give only if media covers trial. Note: *Court's 1* will be given at the beginning of the trial and again during instructions. Last paragraph is incomplete - if given, add concluding words |
| 27A | ✗ | | CA7 2.05 Stipulations of Fact | NOTE: THIS WAS TENDERED AS A SECOND 127. The two instructions are different. THIS ONE HAS BEEN RENUMBERED AS 27A SO THERE ARE NOT TWO INSTRUCTIONS NUMBERED THE SAME. Query: are there stipulations that will be read to the jury? If not, this is not needed. |

| Joint Instruction | Plaintiff's Instruction | Defendant's Instruction | Description | Comments |
|---|---|---|---|---|
| 28 | | | CA7 2.08 Deposition as substantive evidence | IN TRIAL INSTRUCTION, given immediately before reading/showing of each deposition. Needs names of witnesses inserted: Jacquelyn Moore, Susan Shepherd, Steven Smith, Steven L. thompson, and Karen Miller Brown. Also, see J29 below as to Karen Miller Brown; are both instructions needed as to her? |
| 29 | | | CA7 2.09 Use of 30b6 testimony | IN TRIAL INSTRUCTION. See J28 re: Karen Miller Brown |
| 30 | | | CA7 2.14 Judge's comments to lawyer | |

| Joint Instruction | Plaintiff's Instruction | Defendant's Instruction | Description | Comments |
|---|---|---|---|---|
| | | | *SUBSTANTIVE INSTRUCTIONS* | |
| 31 | | | CA7 4.01 Nature of ADA claim and defense | |
| | P32 | D32 | Elements of Plaintiff's claim for reasonable accommodation | |
| 33 | | | CA7 4.04 Definition of Disability | See Court's 3   Give |
| 34 | | | CA7 4.05 Definition of Qualified | |
| | P35 | D35 | CA7 4.06 Reasonable Accommodation: General Instruction | P35 includes "essential functions"; not necessary because that is included in the definition of "qualified" and "accommodate." P35 adds "the elimination or modification of non-essential job functions" to the list of examples of reasonable accommodations. This duplicates the instruction in J36 so is not necessary. D35 should be given. For clarity, however, perhaps language from J36 should be added to the end of D35, rather than giving J36 as a separate instruction. |
| 36 | | | CA7 4.07 Reasonable accommodation: supplemental instructions on specific accommodation issues | See comments at P35/D35 above. |
| 36A | | | CA7 4.07(b) | NOTE: THIS WAS TENDERED AS A SECOND J36, IT IS RENUMBERED AS 36A SO THERE ARE NOT TWO INSTRUCTIONS NUMBERED THE SAME |
| 37 | | | CA7 4.08 Interactive process | See note b: where there is an issue as to whether the employer was aware of the disability, this instruction should be modified. Also, use of "physical limitations" instead of "disability" is not per pattern. See Court's 6 |
| 38 | | | CA7 3.10 Compensatory damages | |

| Joint Instruction | Plaintiff's Instruction | Defendant's Instruction | Description | Comments |
|---|---|---|---|---|
| 40 | P39 | D39 | CA7 3.13 and case law: Punitive damages | EEOC objects to giving the "good faith effort to implement an anti-discrimination policy" part of the instruction, and AutoZone objects to giving a punitive damages instruction at all.<br>- Punitive damages under the ADA are governed by CA7 3.13; see CA7 4.14. Whether an instruction will be given depends on what if any evidence of "reckless disregard" is produced at trial.<br>- P39 includes a claim of "disability discrimination" in addition to the "failure to accommodate claim. That is incorrect.<br>- If given, CA7 3.13 with the "good faith effort to implement an anti-discrimination policy" will be given. Neither P39 nor D39 will be given. *See Court's 4.*<br>Note: Court's 4 originally did not include AutoZone's financial condition, which is a permissible factor to consider. Based on the order on motions in limine, this evidence is admissible, so that factor has been added to Court's 4. |
|  |  |  | case law: Agency | cf FJPI 108.01; IPI 50.11<br>See ***Court's 2***, based on IPI 50.11 |

| Joint Instruction | Plaintiff's Instruction | Defendant's Instruction | Description | Comments |
|---|---|---|---|---|
| | P41 | D41 | *VERDICT FORMS* | D41 includes a separate verdict form in favor of defendant. This is not necessary, as the special verdict form has such an outcome built in.<br>- These two versions of the verdict form track the parties' versions of the issue instructions (P32 and D32). The verdict form track should be revised to track CA7 4.15. See Court's 5.<br>-P41 asks if AZ "learned that Shepherd needed an accommodation", while D41 asks if Shepherd "requested an accommodation." Note d to 4.15 allows for the former, so Court's 5 includes the language from P41.<br>- D41 proposed the addition of the question whether AutoZone was aware of Shepherd's physical limitations. That is an appropriate inquiry if part of the claim is that the employer failed to engage in interactive discussions. See CA7 4.08 note b. As far as I know, that is not a claim in this case. Court's 5 does not, therefore, include this question. |

## 1.   FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

(source:  Seventh Circuit pattern civil jury instruction no. 1.01)

1

**2.      NO INFERENCE FROM JUDGE'S QUESTIONS        [if need arises]**

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

(source:  Seventh Circuit pattern civil jury instruction no. 1.02)

## 3.    ALL LITIGANTS EQUAL BEFORE THE LAW

The Plaintiff in this case is the United States Equal Employment Opportunity Commission, seeking relief for John Shepherd.  The EEOC is the federal agency authorized to prosecute employment discrimination cases, including those under the Americans with Disabilities Act.  The Defendant in this case is AutoZone, Inc.  AutoZone is a corporation.

All parties are equal before the law. A corporation and a government agency are entitled to the same fair consideration that you would give any individual person.

(source:  Seventh Circuit pattern civil jury instruction no. 1.03)

4.    **EVIDENCE**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.  A stipulation is an agreement between both sides that certain facts are true.

(source:  Seventh Circuit pattern civil jury instruction no. 1.04)

5.    **DEPOSITION TESTIMONY**

During the trial, certain testimony was presented to you by the reading of depositions and by video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

You should give testimony presented to you by reading depositions the same consideration that you give testimony presented by video.

(source:  Seventh Circuit pattern civil jury instruction no. 1.05)

5

**6      WHAT IS NOT EVIDENCE**

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

(source:  Seventh Circuit pattern civil jury instruction no. 1.06)

7.     **NOTE-TAKING**     **[if permitted]**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

(source:  Seventh Circuit pattern civil jury instruction no. 1.07)

## 8.     CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

(source:  Seventh Circuit pattern civil jury instruction no. 1.08)

9.    **LIMITED PURPOSE OF EVIDENCE**    **[if need arises]**

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

(source:  Seventh Circuit pattern civil jury instruction no. 1.09)

10.     **WEIGHING THE EVIDENCE**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

(source:  Seventh Circuit pattern civil jury instruction no. 1.11)

## 11.   DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

(source:  Seventh Circuit pattern civil jury instruction no. 1.12)

## 12.    TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness's memory;
- any interest, bias, or prejudice the witness may have;
- the witness's intelligence;
- the manner of the witness while testifying;
- and the reasonableness of the witness's testimony in light of all the evidence in the case.

(source:  Seventh Circuit pattern civil jury instruction no. 1.13)

13.   **PRIOR INCONSISTENT STATEMENTS [OR ACTS]  [if need arises]**

You may consider statements given by [Party] [Witness under oath] before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement [not under oath] [or acted in a manner] that is inconsistent with his testimony here in court, you may consider the earlier statement [or conduct] only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement[s] [or conduct], you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

(source:  Seventh Circuit pattern civil jury instruction no. 1.14)

**15.    LAWYER INTERVIEWING WITNESS**

It is proper for a lawyer to meet with any witness in preparation for trial

(source:  Seventh Circuit pattern civil jury instruction no. 1.16)

## 16      NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

(source:  Seventh Circuit pattern civil jury instruction no. 1.17)

## 17.    ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

(source:  Seventh Circuit pattern civil jury instruction no. 1.18)

**18.     ADVERSE INFERENCE FROM MISSING WITNESS          [if need arises]**

[Witness] was mentioned at trial but did not testify. You may, but are not required to, assume that [Witness's] testimony would have been unfavorable to [Plaintiff] [Defendant].

(source:  Seventh Circuit pattern civil jury instruction no. 1.19)

19.     **EXPERT WITNESS**

You have heard a witness, Dr. Mark Katchen, give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

(source:  Seventh Circuit pattern civil jury instruction no. 1.21)

20.   **SUMMARIES**

**[NOTE: AutoZone objects to Instruction 20 to the extent that Exhibit 33 is found not relevant and therefore inadmissible.  If that exhibit is admitted into evidence or otherwise presented to the jury, the proposed instruction is agreed to by both parties.]**

The parties agree that EEOC Exhibit 33 accurately summarizes the contents of certain sales records. You should consider these summaries just like all of the other evidence in the case.

(source:  Seventh Circuit pattern civil jury instruction no. 1.23)

19

## 21.    BURDEN OF PROOF

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

(source:  Seventh Circuit pattern civil jury instruction no. 1.27)

## 22.     NO NEED TO CONSIDER DAMAGES INSTRUCTION

If you decide for the defendant on the question of liability, then you should not consider the question of damages.

(source:  Seventh Circuit pattern civil jury instruction no. 1.31)

**23.     SELECTION OF PRESIDING JUROR; GENERAL VERDICT**

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court. Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

(source:  Seventh Circuit pattern civil jury instruction no. 1.32)

22

## 24.   COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

(source:  Seventh Circuit pattern civil jury instruction no. 1.33)

## 25.    DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict. All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

(source:  Seventh Circuit pattern civil jury instruction no. 1.34)

26.     **CAUTIONARY INSTRUCTION BEFORE RECESS**

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

(source:  Seventh Circuit pattern civil jury instruction no. 2.01)

## 27.    IN-TRIAL INSTRUCTION ON NEWS COVERAGE    [if need arises]

I understand that reports about this trial [or about this incident] are appearing in the newspapers and [or] on radio and television [and the internet]. The reporters may not have heard all the testimony as you have, may be getting information from people whom you will not see here under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read anything or listen to anything or watch anything with regard to this trial. It would be a violation of your oath as jurors to decide this case on anything other than the evidence presented at trial and your common sense. You must decide

(source:  Seventh Circuit pattern civil jury instruction no. 2.02)

**27A.   STIPULATIONS OF FACT**

The parties have stipulated, or agreed, that certain facts are true. A copy of those stipulated facts will be provided to you.  You must now treat these facts as having been proved for the purpose of this case.

(source:  Seventh Circuit pattern civil jury instruction no. 2.05)

## 28.    DEPOSITION AS SUBSTANTIVE EVIDENCE

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [Witness], which was taken on [date], is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

(source:  Seventh Circuit pattern civil jury instruction no. 2.08)

**29.     USE OF 30(B)(6) TESTIMONY**

Evidence will now be presented to you in the form of the testimony of an individual designated to give answers to certain matters on behalf of AutoZone.

You must give the answers the same consideration as if the answers were made from the witness stand.

(source:  Seventh Circuit pattern civil jury instruction no. 2.09)

**30.      JUDGE'S COMMENTS TO LAWYER**

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

(source:  Seventh Circuit pattern civil jury instruction no. 2.14)

31.     **NATURE OF ADA CLAIM AND DEFENSE**

The EEOC has brought this lawsuit under a federal law called the Americans with Disabilities Act, which is often referred to by its initials, "ADA." Under the ADA, an employer is required to provide a reasonable accommodation for a person with a disability if that person is qualified to do the essential functions of his job and the employer is aware of his limitations.

In this case, the EEOC claims that AutoZone failed to accommodate Mr. Shepherd's known physical limitations between March 2003 and September 2003 by requiring him to perform tasks inconsistent with his medical restrictions, primarily mopping and floor-buffing tasks at AutoZone's Macomb, Illinois store.

AutoZone denies that Mr. Shepherd was required at any time to perform mopping and floor-buffing tasks or other tasks inconsistent with his medical restrictions.

As you listen to these instructions, please keep in mind that many of the terms I will use have a special meaning under the law. So please remember to consider the specific definitions I give you, rather than using your own opinion as to what these terms mean.

(source:  Seventh Circuit pattern civil jury instruction no. 4.01)

31

**P 32.   ELEMENTS OF PLAINTIFF'S CLAIM – REASONABLE ACCOMMODATION CLAIM FOR MARCH 2003 - SEPTEMBER 2003**

In this case, the EEOC claims that AutoZone unlawfully refused to give John Shepherd a "reasonable accommodation" during the period March 2003 through September 2003.  To succeed, the EEOC must prove five things by a preponderance of the evidence:

1. Mr. Shepherd had a disability. I will define "disability" and several other important terms for you in a few minutes;

2. Mr. Shepherd was qualified to perform the essential functions of the job of Parts Sales Manager, <u>either</u> without a reasonable accommodation <u>or</u> if he was given reasonable accommodations;

3. AutoZone was aware of Mr. Shepherd's physical limitations during the period March 2003 to September 2003;

4. Either as a result of a request from Mr. Shepherd or otherwise, AutoZone knew that Mr. Shepherd needed an accommodation — specifically, that he not be required to perform tasks inconsistent with his physical limitations;  and

5. AutoZone failed to provide Mr. Shepherd with a reasonable accommodation.

If you find that the EEOC has proved each of these things by a preponderance of the evidence, you should turn to the issue of damages. If you find that the EEOC has failed to prove any of these things by a preponderance of the evidence, your verdict should be for AutoZone.

(source:  **Generally:**  Seventh Circuit pattern civil jury instruction no. 4.03.  **For ¶ 3:**  <u>See also</u> 42 U.S.C. § 12112(a)(5)(A) (prohibiting "not making reasonable accommodations to the <u>known physical or mental limitations</u> of an otherwise qualified individual with a disability...").  **For ¶ 4:** <u>See also</u> Seventh Circuit pattern civil jury instruction, Committee Comment 4.03(b) ("If a disability and the need to accommodate it are obvious, however, the law does not always require an applicant or employee to expressly ask for a reasonable accommodation."); <u>see also</u> <u>Jovanovic v. In-Sink-Erator Div. of Emerson Elec. Co.</u>, 201 F.3d 894, 898-99 (7th Cir. 2000) ("there will be exceptions to the general rule that an employee must request an accommodation"))

**D32.   ELEMENTS OF PLAINTIFF'S CLAIM – REASONABLE ACCOMMODATION CLAIM FOR MARCH 2003 - SEPTEMBER 2003**

In this case, the EEOC claims that AutoZone unlawfully refused to give John Shepherd a "reasonable accommodation" during the period March 2003 through September 2003.  To succeed, the EEOC must prove five things by a preponderance of the evidence:

1. Mr. Shepherd had a disability. I will define "disability" and several other important terms for you in a few minutes;

2. Mr. Shepherd was qualified to perform the essential functions of the job of Parts Sales Manager, either without a reasonable accommodation or if he was given reasonable accommodation;

3. Mr. Shepherd requested an accommodation;

4. AutoZone was aware of Mr. Shepherd's disability at the time of Mr. Shepherd's request;  and

5. AutoZone failed to provide Mr. Shepherd with a reasonable accommodation.

If you find that the EEOC has proved each of these things by a preponderance of the evidence, you should turn to the issue of damages. If you find that the EEOC has failed to prove any of these things by a preponderance of the evidence, your verdict should be for AutoZone.

(source:  Seventh Circuit pattern civil jury instruction no. 4.03)

**33.    DEFINITION OF "DISABILITY"**

Under the ADA, the term "disability" includes a physical impairment that "substantially limits" a person's ability to care for himself. I will now define some of these terms in more detail. Again, I remind you to consider the specific definitions I give you, and not to use your own opinion as to what these terms mean.

Under the ADA, an impairment "substantially limits" a person's ability to care for himself if, compared to the average person in the general population, the impairment prevents or severely restricts him from performing tasks that are of central importance to a person's daily life, such as bathing himself, dressing himself, brushing his teeth and hair, cooking, and keeping one's home clean.

(source:  Seventh Circuit pattern civil jury instruction no. 4.04)

## 34.     DEFINITION OF "QUALIFIED"

Under the ADA, "qualified" has a special meaning.  Under the ADA, John Shepherd was "qualified" for the Parts Sales Manager job if he had the skill, experience, education, and other requirements for the job and either could do the job's essential functions without a reasonable accommodation or could do the job's essential functions if he was given reasonable accommodations. You should only consider Mr. Shepherd's abilities at the times when the EEOC claims AutoZone discriminated against Mr. Shepherd.

Not all job functions are "essential." Essential functions are a job's fundamental duties. In deciding whether a function is essential, you may consider the reasons the job exists, the number of employees AutoZone has to do that kind of work, the degree of specialization the job requires, AutoZone's judgment about what is required, the consequences of not requiring an employee to satisfy that function, and the work experience of others who held the position.

(source:  Seventh Circuit pattern civil jury instruction no. 4.05)

33

**P35.  REASONABLE ACCOMMODATION: GENERAL INSTRUCTION**

Under the ADA, to "accommodate" a disability is to make some change that will let a person with a disability perform the essential functions of a job. An accommodation is "reasonable" if it is effective and its costs are not clearly disproportionate to the benefits that it will produce.

A reasonable accommodation may include a change in such things as the elimination or modification of non-essential job functions, ordinary work rules, facilities, conditions, or schedules, but does not include elimination or change of essential job functions, assignment of essential job functions to other employees, or lower productivity standards.

(source:  Seventh Circuit pattern civil jury instruction nos. 4.06, 4.07(e), & Committee Comment 4.07(e))

**D35.   REASONABLE ACCOMMODATION: GENERAL INSTRUCTION**

Under the ADA, to "accommodate" a disability is to make some change that will let a person with a disability perform the job. An accommodation is "reasonable" if it is effective and its costs are not clearly disproportionate to the benefits that it will produce.

A reasonable accommodation may include a change in such things as ordinary work rules, facilities, conditions, or schedules, but does not include elimination or change of essential job functions, assignment of essential job functions to other employees, or lower productivity standards.

(source:  Seventh Circuit pattern civil jury instruction no. 4.06)

**36.    REASONABLE ACCOMMODATION: SUPPLEMENTAL INSTRUCTIONS FOR SPECIFIC ACCOMMODATION ISSUES**

*Reallocating Job Duties*

A reasonable accommodation may include transferring non-essential job duties to another employee. However, Defendant does not have to transfer, modify, reduce or reallocate essential job duties to accommodate an employee.

(source:  Seventh Circuit pattern civil jury instruction no. 4.07)

## 36A.   REASONABLE ACCOMMODATION: SUPPLEMENTAL INSTRUCTIONS FOR SPECIFIC ACCOMMODATION ISSUES

*Effect of Continuing Duty*

Defendant's duty to provide a reasonable accommodation is a continuing one.  You must evaluate the reasonableness of an accommodation as of the time the need became apparent to Defendant.

(source:  Seventh Circuit pattern civil jury instruction no. 4.07(b))

## 37.    INTERACTIVE PROCESS

Once an employer is aware of an employee's physical limitations and an accommodation has been requested, the employer must discuss with the employee, or, if necessary, with his doctor, whether there is a reasonable accommodation that will permit the employee to perform the essential functions of the job. Both the employer and the employee must cooperate in this interactive process in good faith.

Neither party can win this case simply because the other did not cooperate in this process, but you may consider whether a party cooperated in this process when deciding whether a reasonable accommodation existed and whether to award punitive damages.

(source:  Seventh Circuit pattern civil jury instruction no. 4.08)

COURT'S 6 INTERACTIVE PROCESS
CA7 4.08 REVISED PER NOTE b

If an employer has reason to know that an employee has a disability and is having problems at work because of the disability, it must engage in discussions with him and, if necessary, with his doctor, to decide if he is actually disabled.

Once an employer is aware of an employee's disability and the need for an accommodation, the employer must discuss with the employee, or, if necessary, with his doctor, whether there is a reasonable accommodation that will permit the employee to perform the essential functions of the job. Both the employer and the employee must cooperate in this interactive process in good faith.

Neither party can win this case simply because the other did not cooperate in this process, but you may consider whether a party cooperated in this process when deciding whether a reasonable accommodation existed and whether to award punitive damages.

51

## 38.   COMPENSATORY DAMAGES

If you find for the EEOC on its claim of failure to accommodate, you may award compensatory damages for physical, mental and emotional pain experienced by John Shepherd in 2003, but only if the EEOC has proved by a preponderance of the evidence that that pain was caused by AutoZone's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The court will calculate and determine any damages for past or future lost wages and benefits. You should consider the following type of compensatory damages, and no others:

- The physical, mental, and emotional pain and suffering that Mr. Shepherd experienced during the period March to December 2003.  No evidence of the dollar value of physical, mental, or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Mr. Shepherd for the injury he has sustained.

(source:  Seventh Circuit pattern civil jury instruction no. 3.10)

37

**P39.   PUNITIVE DAMAGES**

If you find for the EEOC on one or more of its claims of disability discrimination or failure to accommodate, you may, but are not required to, assess punitive damages against the defendant.

The purposes of punitive damages are to punish a defendant for its conduct and to serve as an example or warning to the defendant and others not to engage in similar conduct in the future.

The EEOC must prove by a preponderance of the evidence that punitive damages should be assessed against AutoZone. You may assess punitive damages only if you find that AutoZone's conduct, including the conduct of its managerial employees, was in reckless disregard of John Shepherd's rights. A defendant's action is in reckless disregard of a person's rights if the defendant took the action knowing that it may violate the law.

**[Note:  The EEOC objects to instructing the jury on a "good faith" defense to punitive damages, but if such an instruction is given, the EEOC proposes that the following sentence, also from pattern instruction 3.13, be added to the end of the preceding paragraph:  "You should not, however, award Plaintiff punitive damages if Defendant proves that it made a good faith effort to implement an antidiscrimination policy."]**

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either party.  In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of AutoZone's conduct;

- the impact of AutoZone's conduct on Mr. Shepherd;

- the relationship between Mr. Shepherd and AutoZone;

- the likelihood that AutoZone would repeat the conduct if an award of punitive damages is not made;

- AutoZone's financial condition;

- the relationship of any award of punitive damages to the amount of actual harm the Mr. Shepherd suffered.

(source:  Seventh Circuit pattern civil jury instruction no. 3.13)

41

**D39.   PUNITIVE DAMAGES**

If you find that AutoZone has engaged in good faith efforts to implement an anti discrimination policy in its workplace and amongst its employees and to comply with federal anti-discrimination laws, you may not consider awarding punitive damages.

(source:  Hertzberg v. SRAM Corp., 261 F.3d 651, 661 (7th Cir. 2001)).

Note:  It should be noted that it remains AutoZone's position that a jury instruction on punitive damages should not be submitted to the jury.  However, in the event this court allows such an instruction, AutoZone tenders this instruction in rebuttal to the EEOC's proposed instruction.  By doing so, AutoZone is in no way waiving its argument that such an instruction should not go before the jury.

COURT'S 4 - CA7 3.13
PUNITIVE DAMAGES

If you find for the EEOC, you may, but are not required to, assess punitive damages against AutoZone. The purposes of punitive damages are to punish AutoZone for its conduct and to serve as an example or warning to AutoZone and others not to engage in similar conduct in the future.

The EEOC must prove by a preponderance of the evidence that punitive damages should be assessed against AutoZone. You may assess punitive damages only if you find that the conduct of AutoZone's managerial employees was in reckless disregard of John Shepherd's rights. An action is in reckless disregard of John Shepherd's rights if taken with knowledge that it may violate the law.

You should not, however, award punitive damages if AutoZone proves that it made a good faith effort to implement an anti-discrimination policy.

If you find that punitive damages are appropriate, then you must use sound reason insetting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of AutoZone's conduct;
- the impact of AutoZone's conduct on John Shepherd;
- the relationship between John Shepherd and AutoZone;
- the likelihood that AutoZone would repeat the conduct of an award of punitive damages is not made;
- the relationship of any award of punitive damages to the amount of actual harm John Shepherd suffered; and
- AutoZone's financial condition

48

**40.    AGENCY**

AutoZone is a corporation and can act only through its officers and employees. Any act or omission of an officer or an employee within the scope of his employment is the action or omission of his employer.

(source:  <u>Zurich Capital Markets, Inc. v. Michael Coglianese</u>, 332 F. Supp.2d 1087, N.D. Ill. 2004).

38

COURT'S 2 - IPI 50.11
A CORPORATION ACTS THROUGH ITS EMPLOYEES

AutoZone is a corporation and can act only through its officers and employees. Any act or omission of an officer or employee within the scope of his employment is the action or omission of AutoZone.

COURT'S 1
MEDIA COVERAGE AND INTERNET USE


What you may have seen or heard outside the courtroom is not evidence.  This includes any press, such as newspapers, magazines, radio, or television programs. It also includes any information available on the Internet. Such programs, reports and information are not evidence, and your verdict must not be influenced in any way by such material.

You may not conduct any form of independent investigation or research on any subject relating to the case, including the parties, the attorneys or their law firms, the facts, or the law.

The use of Internet access devices, including computers, cell phones, smart phones, and wireless handheld devices, in connection with your jury duties violates the rules of evidence. Obtaining or transmitting information about the case in any way including via phone, email, text messaging, or social networking sites (such as Face Book, Twitter, LinkedIn) in connection with your jury duties violates the rules of evidence. You are prohibited from all such activities in connection with your jury duties.

COURT'S 5 VERDICT FORM
CA7 4.15

The following questions all concern the period March 2003 to September 12, 2003:

1)      Did John P. Shepherd have a disability during this period?

        Answer Yes or No        _____

        If you answered 'Yes', answer Question 2. Otherwise, sign and return this verdict form.

2)      Was John Shepherd qualified to perform his job during this period?

        Answer Yes or No        _____

        If you answered 'Yes', answer Question 3. Otherwise, sign and return this verdict form.

3)      During or before this period, did AutoZone become aware that John Shepherd needed an accommodation?

        Answer Yes or No        _____

        If you answered 'Yes', answer Question 4. Otherwise, sign and return this verdict form.

(4)     When AutoZone became aware that John Shepherd needed an accommodation to perform his job, did AutoZone know that he was disabled?

        Answer Yes or No        _____

        If you answered 'Yes', answer Question 5. Otherwise, sign and return this verdict form.

5)      Did AutoZone fail to provide John Shepherd with a reasonable accommodation?

        Answer Yes or No        _____

        If you answered 'Yes', answer Question 6. Otherwise, sign and return this verdict form.

6)      Did John Shepherd suffer physical, emotional and/or mental pain during this period as a result of AutoZone's failure to provide him with a reasonable accommodation?

        Answer Yes or No        _____

        If you answered 'Yes', answer Question 7. Otherwise, sign and return this verdict form.

49

7) What amount will fairly compensate John Shepherd for the physical, emotional and/or mental pain he experienced during this period as a result of AutoZone's failure to provide him with a reasonable accommodation?

Answer      $_____

If you answered 'Yes', answer Question 8. Otherwise, sign and return this verdict form.

8) Did AutoZone act with reckless disregard of John Shepherd's rights under the ADA when it failed to provide him with a reasonable accommodation?

Answer Yes or No      _____

If you answered 'Yes', answer Question 9. Otherwise, sign and return this verdict form.

9) What amount will be sufficient to punish AutoZone for its conduct and to serve as an example or warning to AutoZone and others not to engage in similar conduct in the future?

Answer      $_____

Sign, date, and return this verdict form.


Dated this _____ day of June 2011.


Juror #1:      _____

Juror #2:      _____

Juror #3:      _____

Juror #4:      _____

Juror #5:      _____

Juror #6:      _____

Juror #7:      _____

Juror #8:      _____

**PLAINTIFF'S PROPOSED VERDICT FORM**

<u>EEOC v. AutoZone</u>, Case No. 07-cv-1154

The following questions all concern the period March 2003 to September 12, 2003:

1) Did Mr. Shepherd's physical impairments substantially limit his ability to care for himself during this period?

   Yes: _____        No: _____

   (If you answered "Yes," answer the next Question; otherwise sign and return this verdict form)

2) Was Mr. Shepherd qualified to perform his job during this period?

   Yes: _____        No: _____

   (If you answered "Yes," answer the next Question; otherwise sign and return this verdict form)

3) Was AutoZone aware of Mr. Shepherd's physical limitations during this period?

   Yes: _____        No: _____

   (If you answered "Yes," answer the next Question; otherwise sign and return this verdict form)

4) During or prior to this period, did AutoZone learn that Shepherd needed an accommodation?

   Yes: _____        No: _____

   (If you answered "Yes," answer the next Question; otherwise sign and return this verdict form)

5)   Did AutoZone fail to provide Mr. Shepherd with a reasonable accommodation during this period?

Yes: _____          No: _____

(If you answered "Yes," go to the next Question;  otherwise sign and return this verdict form)

6)   Did John Shepherd suffer physical, mental, and/or emotional pain in 2003 as a result of AutoZone's failure to provide him with a reasonable accommodation?

Yes: _____          No: _____

(If you answered "Yes," go to the next Question;  otherwise go to Question 8)

7)   What amount will fairly compensate Mr. Shepherd for the physical, mental, and/or emotional pain he experienced in 2003 as a result of the failure to provide him with a reasonable accommodation?

Answer:      $

(Proceed to Question 8)

8)   Did AutoZone act with reckless disregard of Mr. Shepherd's rights under the ADA when it failed to provide him with a reasonable accommodation during the period March 2003 through September 2003?

Yes: _____          No: _____

(If you answered "Yes," answer the next Question; otherwise sign and return this verdict form)

9)   What amount will be sufficient to punish AutoZone for its conduct and to serve as an example or warning to the AutoZone and others not to engage in similar conduct in the future?

Answer:      $

Sign, date, and return this verdict form.

53

Dated this _____ day of June 2011.


Juror #1:        _____

Juror #2:        _____

Juror #3:        _____

Juror #4:        _____

Juror #5:        _____

Juror #6:        _____

Juror #7:        _____

Juror #8:        _____

## **DEFENDANT'S PROPOSED VERDICT FORM**

<u>EEOC v. AutoZone</u>, Case No. 07-cv-1154

### **<u>We, the jury, find in favor of AutoZone and against the EEOC.</u>**

Sign, date, and return this verdict form.

Dated this _____ day of June 2011.

Juror #1:        _____

Juror #2:        _____

Juror #3:        _____

Juror #4:        _____

Juror #5:        _____

Juror #6:        _____

Juror #7:        _____

Juror #8:        _____

To the extent that the EEOC's proposed verdict form is used, AutoZone would propose the following changes.

The following questions all concern the period March 2003 to September 12, 2003:

1) Did Mr. Shepherd's physical impairments substantially limit his ability to care for himself between March 2003 and September 2003?

   Yes: _____          No: _____

   (If you answered "Yes," answer the next Question; otherwise sign and return this verdict form)


2) Was Mr. Shepherd qualified to perform his job between March 2003 and September 2003?

Yes: _____          No: _____

(If you answered "Yes," answer the next Question; otherwise sign and return this verdict form)


3) Did Mr. Shepherd request an accommodation?

   Yes: _____          No: _____


4) Was AutoZone aware of Mr. Shepherd's disability during this period?

   Yes: _____          No: _____

   (If you answered "Yes," answer the next Question; otherwise sign and return this verdict form)


5) Did AutoZone fail to provide Mr. Shepherd with a reasonable accommodation during this period?

   Yes: _____          No: _____

   (If you answered "Yes," go to the next Question;  otherwise sign and return this verdict form)


6) Did John Shepherd suffer physical, mental, and/or emotional pain from March through

December 31, 2003 as a result of AutoZone's failure to provide him with a reasonable accommodation?

Yes: _____          No: _____

(If you answered "Yes," go to the next Question;  otherwise go to Question 8)


7)  What amount will fairly compensate Mr. Shepherd for the physical, mental, and/or emotional pain he experienced from March through December 31, 2003 as a result of the failure to provide him with a reasonable accommodation?

Answer:       $

(Proceed to Question 8)


8)  Did AutoZone act with reckless disregard of Mr. Shepherd's rights under the ADA when it failed to provide him with a reasonable accommodation during the period March 2003 through September 2003?

Yes: _____          No: _____

(If you answered "Yes," answer the next Question; otherwise sign and return this verdict form)


9)  What amount will be sufficient to punish AutoZone for its conduct and to serve as an example or warning to the AutoZone and others not to engage in similar conduct in the future?

Answer:       $

Sign, date, and return this verdict form.

Dated this _____ day of June 2011.

Juror #1:      _____

Juror #2:      _____

Juror #3:      _____

Juror #4:      _____

Juror #5:      _____

Juror #6:      _____

Juror #7:      _____

Juror #8:      _____

COURT'S 3 - CA7 4.03 - See Committee Note (b)
Elements of Plaintiff's claim for reasonable accommodation March 2003 - Sept 2003

In this case, the EEOC claims that AutoZone unlawfully refused to give John Shepherd a "reasonable accommodation" during the period March 2003 through September 2003. To succeed, the EEOC has the burden of proving five things by a preponderance of the evidence:

1. John Shepherd had a disability during this period of time. I will define "disability" and several other important terms for you in a few minutes.

2. During this time, John Shepherd was qualified to perform the job of Parts Sales Manager.

3. John Shepherd either requested an accommodation or AutoZone should have known from obvious symptoms that he needed an accommodation.

4. AutoZone knew that Mr. Shepherd was disabled when it learned of his need for an accommodation; and

5. AutoZone failed to provide Mr. Shepherd with a reasonable accommodation.

If you find that the EEOC has proved each of these things by a preponderance of the evidence, you should turn to the issue of damages. If you find that the EEOC has failed to prove any of these things by a preponderance of the evidence, your verdict should be for AutoZone.