E-FILED
Monday, 18 July, 2011 06:29:43 PM
Clerk, U.S. District Court, ILCD

JFS/CJC/GRJ 06828A-07006 Doc# 2766891

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| Plaintiff, | ) | Civil Action No.: 07 C 1154 |
| v. | ) | Magistrate Judge Gorman |
| AUTOZONE, INC., | ) | |
| Defendant. | ) | |

**DEFENDANT AUTOZONE'S RESPONSE
TO EEOC'S MOTION TO VACATE TAXATION OF COSTS
IN FAVOR OF AUTOZONE**

Now comes the Defendant, AutoZone, Inc., ("AutoZone") by and through its attorneys, Joseph F. Spitzzeri and Christopher J. Carlos of the law offices of Johnson & Bell, Ltd., and in response to the United States Equal Employment Opportunity Commission's ("EEOC") motion to vacate taxation of costs in favor of AutoZone, herein states as follows:

## INTRODUCTION

The EEOC correctly states that on December 14, 2009, this court taxed the EEOC in the amount of $13,863.16. These costs were taxed in conjunction with this court's judgment following the first trial, in which a jury found in favor of AutoZone on all counts tried before it. What the EEOC fails to address is the fact that after the first trial, the EEOC failed to preserve any objections to this court's prior taxation of costs which are now outside of this court's jurisdiction on remand. In addition, the EEOC omits that the Seventh Circuit's reversal was limited to this court's partial grant of summary judgment

which did not include an award of costs. The Seventh Circuit did not reverse or substantially modify the first trial's final judgment as the first trial was not appealed to it. As such, this court is without jurisdiction to revisit its previous taxation of costs against the EEOC and in favor of AutoZone.

Furthermore, the EEOC is by no means the prevailing party in this litigation. At best, the EEOC obtained a mixed result in the parties' second trial which is insufficient to justify vacating the costs awarded to AutoZone following the first trial. Lastly, the EEOC's motion is premature as AutoZone's post-trial motions are still pending before the Court and may very well render this request moot.

## ARGUMENT

### A. EEOC Waived its Right to Challenge the Court's Prior Taxation of Costs

The EEOC does not have legal standing to challenge the Court's taxation of costs made in connection with the final judgment from the first trial. Because the EEOC failed to dispute that issue in its appeal to the Seventh Circuit Court of Appeals, it is now outside the scope of the Seventh Circuit's remand. *Dempsey v. JP Morgan Chase Bank*, 355 Fed. Appx. 614, 617, 2009 U.S. App. LEXIS 12727 (7th Cir. 2009) (The plaintiff waived his right to dispute the district court's award of fees after failing to challenge the amount of the fee award during his first appeal.)[1] At this late juncture, such arguments are clearly waived and not properly before this Court.

On appeal, the EEOC chose to only seek review of this Court's prior grant of partial summary judgment. Accordingly, the scope of the Appellate Court's remand was limited to whether AutoZone failed to accommodate Shepherd's purported disability between March 2003 and September 2003. The record on appeal is silent as to any and all other

[1] Courtesy copies of certain Lexis cases are attached hereto as Exhibit 1.

issues, including this court's prior taxation of costs against the EEOC. The EEOC is now attempting to side-step controlling law by asking this court to decide an issue outside of its jurisdiction. This request must be denied.

Following the first trial, the EEOC filed various objections to AutoZone's submitted bill of costs. However, the EEOC did not object to AutoZone's request for costs as being premature. More significantly, the EEOC failed to raise any issues as to costs on appeal. The EEOC's decision to limit the subject of its appeal now restricts what it can argue before this court. *See United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996)("[appellant] cannot use the accident of a remand to raise in a second appeal an issue that he could just as well have raised in the first appeal … "); *see also United States v. Swanson*, 483 F.3d 509, 515 (7th Cir. 2007).

In *Dempsey*, the Seventh Circuit held that the plaintiff waived his right to dispute the district court's award of fees after failing to challenge the amount of the fee award during his first appeal. *Dempsey v. JP Morgan Chase Bank*, 355 Fed. Appx. at 617. At the first appeal, plaintiff did in fact challenge the district court's fee award on the basis that his claims were not frivolous and therefore defendant was not entitled to its fees. *Id.* At the second appeal, plaintiff again sought to challenge the court's award of fees, but this time only disputing the court's method in calculating the award. The Seventh Circuit held that "by failing to challenge the amount of the fee award during the first appeal, [plaintiff] waived that argument, and therefore that issue was outside the scope of [its] remand" to the district court. *Id.*; *see also United States v. Husband*, 312 F.3d 247, 250 (7th Cir. 2002) ("[T]his court does not remand issues to the district court when those issues have been waived or decided.").

Here, the EEOC not only failed to raise its current arguments on appeal, but neglected to address the court's prior taxation of costs altogether. As such, to the extent the EEOC now wishes to equivocate the amount of costs it was taxed in the first trial, those arguments are foreclosed. The EEOC sought no relief from the award of costs before the Seventh Circuit and the time for challenging that award has long past.

**B. The Seventh Circuit did not Reverse or Substantially Modify the Judgment Ordering Taxation of Costs**

The only issue presented by the EEOC on appeal was this court's partial grant of summary judgment. Accordingly, the Seventh Circuit's opinion only addressed issues relative to summary judgment on the EEOC's claim for failure to accommodate between March and September of 2003. No judgment awarding costs, including the court's final judgment from the first trial, were impacted. Accordingly, the case law relied upon by the EEOC in its motion is inapplicable to the instant set of facts.

In each of the cases cited by the EEOC, the appellate court reversed a lower court judgment in which an award of costs was also included. In *Smart v. Local 720 I.B.E.W.*, plaintiff appealed the district court's dismissal based on the defendants' motion, which in turn foreclosed all counts. That judgment included an award of costs to the defendants. *Smart v. Local 720 I.B.E.W.*, 573 F.3d 523, 524 (7th Cir. 2009). On appeal, the Seventh Circuit reversed the district court's judgment and in turn vacated the award of costs associated with the judgment. In doing so, the Seventh Circuit relied upon the Second Circuit's holding in *Furman v. Cirrito*, 782 F.2d 353 (2nd Cir. 1986). In that case, and all other cases citing to this principle, the lower court's judgment included an award of costs and was either reversed or substantially modified.

Here, no costs were taxed against the EEOC in association with this court's partial grant of summary judgment. Rather, the costs awarded to AutoZone following the first trial, which the EEOC has yet to pay, stems from this court's judgment on the majority of counts initially brought by the EEOC. None of the claims upon which judgment was entered in favor of AutoZone were the subject of the EEOC's appeal or the Seventh Circuit's subsequent reversal and remand. As such, this court is without jurisdiction to review its prior award of costs much less automatically vacate such an award as suggested by the EEOC.

## C. The EEOC is Not the Prevailing Party

The case law relied upon by the EEOC is inapplicable to the issues presently before the court. Those cases speak only to whether a party is a prevailing party for the purposes of the ADA's fee-shifting statutes.

This case involved multiple claims, and simply put, AutoZone succeeded on the overwhelming majority of those claims. In the first trial, the EEOC was defeated on all counts tried to the jury, including, but not limited to, allegations that AutoZone: (1) wrongfully kept Shepherd on involuntary leave for over a year in an attempt to avoid accommodating his purported disability; (2) wrongfully discharged Shepherd in order to avoid accommodating his purported disability; (3) kept Shepherd on involuntary leave in retaliation for his filing of charges with the EEOC; and (4) discharged Shepherd in retaliation for his filing of charges with the EEOC. *See Plaintiff's Complaint*, Doc. No. 1, Para. 10, subparts (b) – (c), Para. 11, subparts (a) – (b).

Now, the EEOC wishes to re-write the past and assert itself as the "prevailing party." In doing so, the EEOC seeks to have this court improperly vacate its earlier award

of costs to AutoZone for the purposes of seeking its own costs. Contrary to its flawed proposition under Rule 54(d), the "prevailing party" is the party who prevails "as to the substantial part of the litigation." *Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co.*, 924 F.2d 633, 641 (7th Cir. 1991).

Here, the EEOC was only successful on one of five claims. The one claim the EEOC was successful on, failure to accommodate Shepherd's disability from March to September 2003, was limited in time and scope and had a potential adverse jury verdict substantially less than the claims AutoZone prevailed on in the first trial. AutoZone was clearly the prevailing party with respect to all of the claims presented to the triers of fact. Notably, those counts addressed in the first trial covered a much greater period of time and involved a much larger monetary claim. As a result, the facts are clear that AutoZone was indeed the prevailing party in this litigation.

In the event this court believes that it retains jurisdiction to consider the EEOC's motion to vacate, and believes that the EEOC was a "prevailing party" in light of its limited success in the second trial, AutoZone argues in the alternative that the EEOC obtained a "mixed outcome" which is not sufficient to sustain an award of costs under Rule 54(d). *See, e.g., Testa v. Village of Mundelein*, 89 F.3d 443, 447 (7th Cir. 1996) (finding plaintiff was not a prevailing party considering the "mixed outcome" where he was successful on only one of his two claims).

Costs are governed by Fed.R.Civ.P. 54(d)(1) and 28 U.S.C. § 1920. *Hargett v. Adams*, 2005 U.S. Dist. LEXIS 15512, * (N.D. Ill 2005). In cases similar to this, where the defendant prevailed on the majority of claims, but the plaintiff received monetary relief on

at least one claim, both parties' limited success compels them to bear their own costs. *See Goldsmith v. Murphy*, 2005 U.S. Dist. LEXIS 8443, *3 (N.D. Ill. 2005).

Arguing alternatively, at best for the EEOC, neither side prevailed as to a "substantial" part of the litigation because the verdict was split. *Gonzalez v. Elgin*, 2010 U.S. Dist. LEXIS 118357 (N.D. Ill. 2010); *citing Testa*, 89 F.3d at 447 ("parties must bear their own costs based on the mixed outcome of this lawsuit."); *see also Sufrin v. Hosier*, 1997 U.S. Dist. LEXIS 3956 (N.D. Ill. 1997) (Court held that neither side "prevailed" and ordered both sides to bear own costs even though Plaintiff prevailed on the majority of counts.). Therefore, for fee shifting purposes under the controlling law, the EEOC is not a prevailing party with respect to an award of costs, and it is within this Court's discretion to order the EEOC to bear its own costs and deny the EEOC's request.

### D. Premature to Rule on EEOC Motion to Vacate

In the alternative, and notwithstanding the aforementioned legal arguments, should this court continue to consider the EEOC's pending motion; any such consideration would be premature in light of AutoZone's pending post-trial motions. As such, in the alternative to denying the EEOC's motion outright, AutoZone respectfully requests that the motion not be considered until after the Court has ruled on AutoZone's post-trial motions.

## CONCLUSION

For the reasons set forth herein, AutoZone respectfully requests that this Honorable Court deny the EEOC's motion to vacate taxation of costs, and such other relief as this

Court deems just and fit under the circumstances.

Respectfully submitted,

**JOHNSON & BELL, LTD.**

By: /s/Joseph F. Spitzzeri
One of its Attorneys

Joseph F. Spitzzeri
Christopher J. Carlos
Attorneys for AutoZone, Inc.
JOHNSON & BELL, LTD.
33 W. Monroe, Suite 2700
Chicago, Illinois 60603
(312) 372-0770