E-FILED
Friday, 27 January, 2012  01:39:47 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EEOC | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 07-1154 |
| | ) | |
| AutoZone Inc. | ) | |
|     Defendant | ) | |

### ORDER

Following a jury trial and resolution of all post-trial motions, a final and appealable order was entered in this case on November 8, 2011 (#265, as amended in #269). The order included both monetary and injunctive relief. Defendant AutoZone has filed its Notice of Appeal (#270) as to certain aspects of that judgment. Now before the Court is the motion by AutoZone (#272) to stay execution of the money judgment, to approve the appellate bond, and to stay certain provisions of the injunction. Plaintiff has filed opposition (#276) only to that portion of the motion seeking a stay of the injunction portion of the judgment.

### DISCUSSION

The money portion of the Judgment in this case is $425,000. AutoZone has obtained a $600,000 *supersedeas* bond, which more than adequately secures that Judgment and any interest that accrues. There being no opposition to the stay of execution of the money judgment and the bond being found adequate, the motion for approval of the bond and stay of execution of the money judgment pending appeal is GRANTED.

AutoZone states that it intends to appeal those portions of the injunction that are contained in paragraphs 2 and 3 thereof and asks that the Court stay them pending appeal. EEOC opposes that request, stating that AutoZone has failed to meet the burden necessary to obtain that relief.

It is appropriate to consider a motion for stay of injunction while an appeal is pending. Fed.R.Civ.P.62(c). In order to obtain such a stay, the moving party must make a "strong showing" that it is likely to succeed on the merits and that it will be irreparably harmed absent a stay. Hilton v. Braunskill, 481 U.S. 770, 776 (1987). If the movant makes these threshold showings, then the Court must balance relative harms to any other parties interested in the proceedings, including a careful evaluation of any public interest. See, Matter of Forty-Eight Insulations, Inc., 115 F.3d 1294, 1300-01 (7th Cir. 1997).

In this case, AutoZone has presented the same arguments that this Court has previously considered and rejected and that a jury has considered and rejected. Ordinarily that would persuade me that there is little likelihood of success. In this case, however, one additional factor weighs in this evaluation, namely the fact that there have been two trials in this matter, resulting in two very different outcomes. Those different outcomes have been argued by AutoZone to be inconsistent and hence to be a basis for a finding that there is a substantial likelihood of success on the merits.

I do not agree. The two trials covered two different time periods, and the fact that a jury found Mr. Shepherd to be a "qualified individual" entitled to protection under the statute for one time period has little to do with whether the statutory elements were met for a different time period.

Even assuming, however, that this factor dictates a decision contrary to the one I have reached, that does not assist AutoZone, because I find that there is no irreparable harm in enforcement of these 2 paragraphs of the injunction. These two paragraphs (See Order #265 at p.26) provide:

> (2) For three years from the date of this Order, AutoZone shall notify EEOC in writing within 30 days after any employee who is working at an AutoZone retail store within the Central District of Illinois requests an accommodation for his or her disability or within 30 days after AutoZone otherwise becomes aware of the need for such accommodation.

(3) AutoZone shall maintain complete records for 4 years from this date of how it responded to such requests, including a description of the request, the investigation that was conducted, the interactive process, and the result of the complaint. Those records shall be made available for inspection by EEOC upon 48 hours notice to AutoZone's HR department.

EEOC points out that, in the 2 ½ months since entry of the injunction, AutoZone has not reported a single instance of a request for or obvious need for accommodation from any one of its thousands of employees. AutoZone has presented nothing whatsoever to support any conclusion of any type of harm, let alone irreparable harm, from continued enforcement of these portions of the injunction.

No irreparable harm having been shown, I conclude that EEOC has failed to meet its burden of showing that it is entitled to a stay. The portion of the motion seeking a stay of enforcement of the injunction is denied.

## CONCLUSION

As stated herein, the Motion for Stay (#272) is GRANTED IN PART AND DENIED IN PART.

ENTERED ON January 27, 2012

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE